# Pepper Hamilton LLP
#### Attorneys at Law

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
212.808.2700
Fax 212.286.9806

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/18

**MEMO ENDORSED**

The application is denied. Under Lugosch and its progeny, a party seeking sealing must demonstrate that disclosure would subject them to competitive harm or otherwise violate their legitimate privacy interests. Conclusory assertions in this regard — or parties' agreements to maintain materials as confidential — are insufficient.

The materials that are the subject of this application will be ordered unsealed on April 25, 2018 absent a proper sealing application explaining how the Lugosch standard is met.

SO ORDERED:

Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.
April 18, 2018

H. Peter Haveles, Jr.
havelesp@pepperlaw.com
212.808.2755

April 16, 2018

**Via Facsimile ((212) 805-7986)**

Honorable Paul G. Gardephe
United States District Court
40 Foley Square, Room 2204
New York, New York 10007

Re: **SportsMEDIA Technology Corp., et al. v. MLB Advanced Media, Inc.,**
     No. 18-cv-3025

Dear Judge Gardephe:

We are attorneys for plaintiffs SportsMEDIA Technology Corp ("SMT") and Sportvision, Inc. ("Sportsvision") in this action.

In accordance with Rule II of Your Honor's Individual Rules of Practice, we submit this letter on behalf of plaintiffs, requesting that the Court continue to seal Exhibits B, C, D, E and F to the Complaint (filed as Dkt. No. 1-1, pages 16 through 71). In addition, plaintiffs also intend to file a First Amended Complaint that attaches those same exhibits and requests leave to file Exhibits B, C, D, E and F to the First Amended Complaint under seal. Plaintiffs submit my Declaration dated April 11, 2018 in support of these requests to file the exhibits under seal.

## BACKGROUND

Plaintiffs filed the Complaint in this matter on April 5, 2018. The Complaint asserts claims for patent infringement, misappropriation of trade secrets and breaches of contract against Defendant MLB Advanced Media, LP ("MLBAM").[1] Relevant to the request made here,

---

[1] The filing of this action was immediately noticed and reported by new agencies such as Reuters. *See e.g., https://www.reuters.com/article/us-sports-baseball-lawsuit/sports-technology-company-sues-arm-of-mlb-over-pitch-tracking-system-idUSKCN1HD07T*

Philadelphia   Boston   Washington, D.C.   Los Angeles   New York   Pittsburgh
Detroit   Berwyn   Harrisburg   Orange County   Princeton   Silicon Valley   Wilmington

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

Judge Paul G. Gardephe
Page 2
April 16, 2018

the Complaint alleges that MLBAM breached the agreement between Sportsvision and MLBAM, defined as the Endeavor Contract in the Complaint. Under the Endeavor Contract, Sportsvision provided pitch tracking system and graphical renderings so that the parties could then sell that data and graphical rendering to broadcasters of Major League Baseball games. Exhibit B to the Complaint is the Endeavor Contract and Exhibits C to F are the amendments thereto. MLBAM has breached the terms of those instruments.

When counsel for MLBAM contacted us regarding acceptance of service of the Complaint, MLBAM expressed concerns that the Endeavor Contract and its amendments are confidential documents as well as and its views that those instruments should be filed under seal. MLBAM requested plaintiffs to take all necessary steps to ensure the Endeavor Contract and its amendments were placed under seal. Accordingly, on Friday, April 6, 2018, we contacted the Clerk's office to request a temporary seal of the Complaint and its exhibits. Judge Wood approved that request, and the Clerk's office advised us that the Complaint and all exhibits have been temporarily sealed.

With the support of MLBAM, plaintiffs now request that the temporary seal be lifted, that the exhibits to the Complaint be removed from the docket, and that plaintiffs be granted leave to re-file the exhibits, with Exhibits B, C, D, E, and F filed under seal. Plaintiffs similarly request leave to file Exhibits B, C, D, E, and F to Plaintiffs' Amended Complaint under seal.

## ARGUMENT

Plaintiffs respectfully submit that their request for leave to file Exhibits B through F under seal should be granted because the interest in maintaining the confidentiality of the Endeavor Contract and its amendments (which reflect confidential business terms and confidential and proprietary information) substantially outweighs the presumption that all Court records are open.

Although there is a presumption of public access to judicial documents under the common law and the First Amendment, "the court must balance competing considerations" against such a presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations omitted). Among the "countervailing factors" that may outweigh the public interest in disclosure are "the privacy interests of those resisting disclosure," id., including the interests based on the need to protect sensitive commercial information. See Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . . [by] requiring that . . . commercial information not be revealed or be revealed only in a specified

**Pepper Hamilton LLP**
Attorneys at Law

Judge Paul G. Gardephe
Page 3
April 16, 2018

way."); see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (withholding from disclosure confidential business information that would harm defendants' competitive position.).

Here, the Endeavor Contract and its amendments are confidential pursuant to Sections 1(c) and 8.1 of the Endeavor Contract. Paragraph 1(c) defines "Confidential Information" in part to include "the terms and conditions of this Agreement." Paragraph 8.1 states: "Agreement. The parties will treat the terms and conditions of this Agreement as Confidential Information. Each Party must obtain the other's written consent prior to any public announcement or press release concerning the existence or terms and conditions of this Agreement."

As described above, and in the accompanying declaration, MLBAM has requested plaintiffs to seek sealing of the Endeavor Contract and its amendments, and MLBAM supports this application.

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the application for leave to file under seal be granted.

Respectfully,

H. Peter Haveles, Jr.

Enclosure

cc:  Alan Littmann, Esq.
     Joelle A. Milov, Esq.