# GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/18

WRITER'S DIRECT DIAL
312.881.5969
alittmann@goldmanismail.com

April 24, 2018

**MEMO ENDORSED**

*The application is granted for the reasons set forth in this letter. Redacted versions of the documents that are the subject of this letter are to be posted on the public docket by April 27, 2018.*

**SO ORDERED:**

*Paul G. Gardephe, U.S.D.J.*
*Dated: April 25, 2018*

**VIA HAND DELIVERY**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Sportvision, Inc. and Sportsmedia Technology Corp. v. MLB Advanced Media, LP,*
No. 18-cv-03025

Dear Judge Gardephe:

We represent the Defendant MLB Advanced Media, L.P. ("Defendant MLBAM") in the above-referenced matter. In accordance with the Court's Endorsed Letter dated April 19, 2018 (Dkt. 16), we write to request that the Court seal limited portions of the exhibits to the Complaint, specifically the Endeavor Contract (Compl., Ex. B), and its amendments (Compl., Exs. C-F). We provide the below specific facts in support of this request, as well as supporting declarations from Kenneth Gersh (Executive Vice President of Digital Media and Business Development at Major League Baseball) and Brian O'Donoghue (counsel for Defendant MLBAM).

On April 5, 2018, Plaintiffs filed a complaint asserting claims for breach of contract and other counts. Plaintiffs' claims relate to a contract entered into by Defendant MLBAM and Plaintiff Sportvision, Inc. dated February 7, 2006 (the "Endeavor Contract"). The Endeavor Contract governs the parties' agreements and obligations regarding the collection and tracking of pitch data during Major League Baseball games, as well as the system that captures that data, PITCHf/x. Attached to the complaint were the Endeavor Contract and its amendments.

On April 16, 2018, with the consent of Defendant MLBAM, Plaintiffs filed a letter requesting permission to file the Endeavor Contract and its amendments (Exs. B-F) under seal. *See* Endorsed Letter, Dkt. 16. On April 19, 2018, the Court denied Plaintiffs' request on the basis that "conclusory assertions—or parties' agreements to maintain materials as confidential—are insufficient" under

564 W. RANDOLPH · SUITE 400
CHICAGO ILLINOIS 60661
312.681-6000   312 881.5191 FAX

3131 TURTLE CREEK  SUITE 1210
DALLAS TEXAS 75219
214.880.9900 · 214.880.9901 FAX

429 SANTA MONICA BOULEVARD · SUITE 710
SANTA MONICA CALIFORNIA 90401
310 576.6900 · 310 382.9974 FAX

www.goldmanismail.com

April 24, 2018  
Page 2

*Sportvision, Inc. v. MLB Advanced Media, LP*  
No. 18-cv-03025

*Lugosch* and its progeny. *Id.* The Court further held that the materials "will be ordered unsealed on April 25, 2018 absent a proper sealing application explaining how the *Lugosch* standard is met." *Id.*

Defendant MLBAM submits this letter to request a narrowly tailored order sealing only certain confidential and sensitive portions of the Endeavor Contract and its amendments. Specifically, Defendant MLBAM requests an order redacting limited portions of the following documents:

a) The Endeavor Contract dated February 7, 2006, attached as Exhibit B to Plaintiffs' Complaint;

b) The Amendment to the Endeavor Contract dated January 1, 2009, attached as Exhibit C to Plaintiffs' Complaint;

c) The Amendment to the Endeavor Contract dated December 31, 2011, attached as Exhibit D to Plaintiffs' Complaint;

d) The Amendment to the Endeavor Contract dated December 15, 2014, attached as Exhibit E to Plaintiffs' Complaint; and

e) The Amendment to the Endeavor Contract dated January 4, 2016, attached as Exhibit F to Plaintiffs' Complaint.

The proposed redactions to these documents are enclosed with this letter for the Court's reference. The portions sought to be maintained under seal are highlighted.

Defendant MLBAM seeks to maintain these portions under seal because they disclose commercially sensitive, proprietary information and confidential terms concerning how the parties apportioned the roles, responsibilities, and financial benefits of the PITCHf/x System. As explained in detail in the Gersh Declaration, enclosed herewith, disclosing this information to the public would subject Defendant MLBAM to significant competitive harm. For example, the Endeavor Contract and its amendments contain certain terms memorializing the parties' agreements on financial matters, such as the revenue threshold that triggers revenue sharing and the allocation of revenue among the parties. Gersh Decl. ¶ 14. These commercially sensitive terms are the product of careful negotiations. *Id.* at ¶¶ 6, 14. Disclosure would harm Defendant MLBAM's competitive advantage in future negotiations with third parties. *Id.* at ¶¶ 7-14. Similarly, the licensing terms in the contract reveal a carefully negotiated and sensitive component of the parties' relationship. *Id.* at ¶ 14. Because Defendant MLBAM routinely negotiates licensing terms as part of the ordinary course of its business, disclosure of these terms would harm its competitive advantage in future negotiations with third parties. *Id.* at ¶¶ 7-14. Because of the competitive harm that could result from disclosure, the Endeavor Contract and its amendments are subject to strict confidentiality provisions. *Id.* at ¶¶ 11-12.

As the Second Circuit has explained, while the public has certain rights to access judicial proceedings, a court may seal or restrict the public's access when it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). In particular, courts may seal documents when "countervailing factors" or

April 24, 2018  *Sportvision, Inc. v. MLB Advanced Media, LP*
Page 3  *No. 18-cv-03025*

"higher values" counsel against public disclosure. *Id.* One such countervailing factor is the interest in preventing harm to a litigant's competitive standing. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing").

To protect litigants from competitive harm, courts routinely grant motions to seal materials that contain commercially sensitive information and financial terms. *See, e.g., Std. Inv. Chtd., Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009) (unpublished) (affirming district court's decision to redact financial data that would cause "financial harm" to party if disclosed); *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *2-6 (S.D.N.Y. July 15, 2015) (allowing redaction of commercially sensitive information in a term sheet for a license agreement, which information included "the material terms of the agreement" and "the proposed compensation to each party"); *KeyBank Natl. Ass'n v. Element Transportation LLC*, No. 16 CIV. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (permitting "narrowly tailored" redactions of sensitive commercial information that would have permitted competitors to ascertain a party's confidential valuation of its interests); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (recognizing that "[p]otential damage from the release of sensitive business information" is "a ground for denying access to court documents").

Courts also routinely grant motions to seal documents if disclosure would adversely affect a party in future contract negotiations. *See, e.g., Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (granting motion to seal billing rates because disclosure "could place [the party] at a competitive disadvantage by allowing competitors to undercut [the party's] bids and capture a larger market share"); *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (granting motion to seal "non-public information about pricing, credit, and termination terms, which, if made public, could adversely affect Samsung's relationships with other dealer-customers, as well as Adorama's relationships with other suppliers"); *Mars, Inc. v. JCM Am. Corp.*, No. CIV.05 3165 RBK, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) (unpublished) ("The Court finds that Mars has a legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public."); *id.* (a party "should not have to sacrifice its competitive negotiating position in its business"); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner, J.) (agreeing to seal portions of a settlement agreement because the "information about terms and conditions of the distributorship arrangement . . . might give other firms an unearned competitive advantage"); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2013 WL 3958232, at *3 (N.D. Cal. July 29, 2013) (granting motion to seal "particular information related to the scope of the license" to avoid placing litigant "in a diminished bargaining position in future negotiations").

In light of the foregoing, the competing considerations at issue counsel strongly in favor of sealing certain narrowly tailored portions of the Endeavor Contract and the amendments thereto (Compl., Exs. B-F). Defendant MLBAM respectfully requests that the Court grant permission to file under seal the highlighted portions of Exhibits B-F, which are provided in the enclosure to this letter. Defendant MLBAM has conferred with Plaintiffs and they do not object to the sealing of these limited redactions. O'Donoghue Decl. ¶ 5. We thank the Court in advance for its consideration of this request.

April 24, 2018  *Sportvision, Inc. v. MLB Advanced Media, LP*
Page 4  *No. 18-cv-03025*

Respectfully submitted,

*/s/ Brian P. O'Donoghue*

Alan E. Littmann
Brian P. O'Donoghue
Laura Sexton
GOLDMAN ISMAIL TOMASELLI BRENNAN &
BAUM LLP
564 W. Randolph St., Suite 400
Chicago, IL 60661
Telephone: (312) 881-5969
Facsimile: (312) 881-5189
Email: alittmann@goldmanismail.com
Email: bodonoghue @goldmanismail.com
Email: lsexton@goldmanismail.com

J. Christopher Jensen
Joelle A. Milov
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9204
Facsimile: (212) 575-0671
Email: jcj@cll.com
Email: jam@cll.com

*Attorneys for Defendant MLB Advanced Media, L.P.*

Encl.

Cc: All Counsel registered via ECF (via email)