

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY  10018-1405
212.808.2700
Fax 212.286.9806

H. Peter Haveles, Jr.
direct dial:  212.808.2755
direct fax:  866.422.3988
havelesp@pepperlaw.com

June 22, 2018

**Via ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
Room 2204
New York, NY 10007

> Re:  SportsMEDIA Technology Corp., et al. v. MLB Advanced Media, Inc., Case No. 18-cv-3025 (PGG)

Dear Judge Gardephe:

We are attorneys for plaintiffs SportsMEDIA Technology Corp ("SMT") and Sportvision, Inc. ("Sportvision") in the above-captioned action. We write in response to defendant MLB Advanced Media, Inc.'s ("MLBAM") June 19, 2018 letter request to file a Partial Motion to Stay and Compel Arbitration and Partial Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. 33].  For the reasons stated below, both the Partial Motion to Stay and the Partial Motion to Dismiss are futile.

### I. The Arbitration Clause Falls Within The Larger Dispute Resolution Provision

MLBAM chose not to set out in full the entire language of the dispute resolution clause on which it would base its motion. The full clause makes clear that the arbitration language is a narrow carve out that follows a more general commitment that all disputes (including those pleaded in the Amended Complaint) be adjudicated in a court:

> **Except as set forth below**, the parties consent to the exclusive jurisdiction and venue of any court of competition jurisdiction sitting within the State of New York, County of New York with respect to any dispute arising out of or relating to this Agreement.

Philadelphia    Boston    Washington, D.C.    Los Angeles    New York    Pittsburgh
Detroit    Berwyn    Harrisburg    Orange County    Princeton    Silicon Valley    Wilmington

www.pepperlaw.com

**Pepper Hamilton LLP**
—Attorneys at Law—

Hon. Paul G. Gardephe
Page 2
June 22, 2018

> In the event of any dispute between the Parties regarding the operation of the Endeavor, including, without limitation, any disagreement as to the Capital Equipment Budget, Endeavor Budget, Total Expenses, Third Party Expenses, revenue opportunities, marketing, installation schedule or other similar disagreement, the Parties agree to submit the dispute to binding arbitration in according with the Commercial Rules of the American Arbitration Associate.

Endeavor Contract, §13.10 (emphasis added), *as amended* 2009.01.01 (Am. Compl. Ex. B-C).

## II. The Contract Claims Are Not Arbitrable

As the full dispute resolution clause makes clear, arbitration is confined to the actual "operations" of the Endeavor, such as those listed as examples. By sharp contrast, the Amended Complaint does not take issue with any "operations." There are not, for example, any capital equipment budgets in dispute. Rather, due to defendant's breach in walking away entirely from the project, the Endeavor is not operating at all. Consequently, the contract claims at issue in this action fall outside the narrow arbitration provision regarding operational issues, and are for this Court to determine.

None of the contract claims, Counts IV through IX, deals with the operation of the Endeavor. Each claim concerns MLBAM's refusal to operate the project at all and to fulfill its obligations under the exclusivity and confidentiality provisions. This scope of disputes includes Count IV. MLBAM argues that this claim's title must mean that it relates to the actual operation of the Endeavor, but this ignores the plainly stated allegations in Count IV that MLBAM has *completely abandoned* the Endeavor. Am. Compl. ¶ 292. In this, Count IV is no different than the other contract claims.

## III. The Tort Claims Are Not Arbitrable

Counts II and III are tort claims which by definition fall outside the operational carve out. MLBAM attempts to bring these claims within the ambit of the carve out argues that by default, these claims should be arbitrated "because they are based on the same alleged operation conduct as the breach of contract counts." Dkt. 33 at 3. The argument is doubly flawed. First, as shown above, the contract claims are not about "operation conduct." Second, the tort claims are based on entirely different pleaded facts and so are not about the same claims as the contract counts. The tort claims are thus covered by the main section of the dispute resolution clause. Further, only the dispute resolution provision regarding the authority of this

**Pepper Hamilton LLP**
  *Attorneys at Law*

Hon. Paul G. Gardephe
Page 3
June 22, 2018

Court employs the "arising out of or relating to" language, and the arbitration provision notably excludes such language.

### IV. The Stolt-Nielsen Factors Demonstrate That These Claims Are Properly Before This Court

On the above-stated facts, MLBAM's motion would be futile because it would fail to satisfy the four-step test set forth in *JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d163, 169 (2d Cir. 2004).

#### A. Step One: The Court Must Determine Whether the Parties Agreed to Arbitrate

SMT and Sportvision do not dispute the validity of the dispute resolution provision of the Endeavor Contract. MLBAM's description of the arbitration clause, however, overstates its place within the parties' overall dispute resolution clause.

#### B. Step Two: The Court Must Determine The Scope of the Arbitration Agreement

As SMT and Sportvision have already described, the claims do not fall within the scope of the arbitration carve out. The authority cited by MLBAM concerns cases in which the contract did not contain a general clause referring matters to litigation which is in contrast to the narrow and limited carve out for arbitration in the contract before this Court..

MLBAM also argues that because the parties incorporated the Commercial Arbitration Rules of the American Arbitration Association ("AAA Commercial Rules"), the arbitrator decides whether the claims fall within the arbitration carve out. Dkt. 33 at 4. MLBAM overstates Second Circuit jurisprudence. This assertion is incorrect given the narrow and circumscribed scope of the clause. *See Pictet Funds Eur. S.A. v. Emerging Managers Grp., L.P.*, No. 14-cv-6854 (SAS), 2014 U.S. Dist. LEXIS 166477, at *12 (S.D.N.Y. Dec. 1, 2014) ("when doubts concern who shall decide issues of arbitrability, the law then reverses the resumption to favor judicial rather than arbitral resolution").

#### C. Step Three: The Court Must Decide Whether Congress Intended Any Claims To Be Nonarbitrable

SMT and Sportvision agree that claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.* can be decided in arbitration, depending on the terms of the arbitration

**Pepper Hamilton LLP**
Attorneys at Law

Hon. Paul G. Gardephe
Page 4
June 22, 2018

provision. However, for the reasons set forth in this letter, the claims in this matter brought under the Defend Trade Secrets Act are not arbitrable because they do not address "operational" issues.

    **D.**    <u>**Step Four**</u>**: If the Court Decides That Some, But Not All, of the Claims Are Arbitrable, It Must Decide Whether to Stay the Balance of the Proceedings**

Although SMT and Sportvision believe the Court will not reach this step, the Court should not stay the balance of the proceedings in the event that the Court finds some claims may be arbitrable. MLBAM has unilaterally ceased to perform under the Endeavor Contract in its entirety. There is no operation of the Endeavor Contract due to MLBAM's behavior. Because of this, the Court should not stay these proceedings.

**IV.**    **Defendant's Proposed Motion to Dismiss Plaintiff's Claim of Patent Infringement is Without Basis**

The basis for MLBAM's proposed motion to dismiss SMT's patent infringement claim is fatally defective because it is contrary to established law and the well-pleaded facts included in the Complaint. MLBAM's proposed motion, consisting only of attorney arguments, is an effort to cast claim 31 of the '530 Patent as invalid under 35 U.S.C. § 101, without the proper analysis of claim 31. To determine whether a claim is invalid under Section 101, the Supreme Court has devised a two-stage framework that requires a court to determine (1) whether the claim is directed to a patent-ineligible concept, *i.e.*, an abstract idea, and if so, (2) whether the elements of the claim, considered both individually and as an ordered combination, add enough to transform the nature of the claim into a patent-eligible application. *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016). This test is known as the "Alice test." *See Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 at 2355 (2014).

In step one, a court should "determine whether the claims focus on a specific means or method that improves the relevant technology or are directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery." *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016). The language of claim 31 of the '530 Patent plainly discloses a specific means or method for improving technology to provide strike zone information. It does not constitute an abstract idea. MLBAM's argument does not even address the actual language of claim 31. Instead, MLBAM's argument that claim 31 is "directed to the abstract idea of collecting, manipulating, and displaying data of a baseball strike zone" is completely divorced from the claim language and the specification, which both require a <u>determination</u> of a location of a strike zone and not the "collecting" of strike zone data, as MLBAM contends. The words "collecting" and "manipulating" appear nowhere in claim 31.



Hon. Paul G. Gardephe
Page 5
June 22, 2018

      MLBAM's argument also fails properly to analyze the second step of the *Alice* test. "The second step of the *Alice* test is satisfied when the claim limitations involve more than performance of well-understood, routine, [and] conventional activities previously known to the industry." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018). MLBAM's analysis in step two fails for multiple reasons. First, MLBAM fails to conduct a proper ordered combination analysis as part of its step 2 analysis. Instead, MLBAM simply states that no inventive steps are found in claim 31—without even addressing the actual claim language. Second, MLBAM concludes that no inventive step exists, without pointing to any evidence that the claimed steps are well-understood, routine, and conventional at the time of the invention. Third, MLBAM ignores the factual record in the specification and the amended complaint setting forth how claim 31 is unconventional and advantageous. *See Berkheimer*, 881 F.3d at 1367; *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1129-30 (Fed. Cir. 2018). There can be no dispute that a motion to dismiss is inappropriate when issues of fact exist. *Id.*

      Because MLBAM's own argument fails to properly analyze claim 31 under *Alice*, MLBAM's motion to dismiss Count I of the Amended Complaint would have to be denied.

                                                  Respectfully,

                                                  H. Peter Haveles, Jr.