**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPORTVISION, INC. and SPORTSMEDIA TECHNOLOGY CORPORATION, | : |
| | : |
| | : |
| Plaintiffs, | : No. 1:18-cv-03025-PGG |
| | : |
| v. | : **STIPULATED AMENDED** |
| | : **CONFIDENTIALITY AGREEMENT** |
| MLB ADVANCED MEDIA, LP, | : **AND PROTECTIVE ORDER** |
| | : |
| Defendant. | : |
| | : |

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order— will adhere to the following terms, upon pain of contempt:

## CONFIDENTIALITY DESIGNATIONS

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as this Order expressly permits.

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

      a.      previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      b.      previously non-disclosed material relating to ownership or control of any non-public company;

      c.      previously non-disclosed business plans, product-development information, technical information, or marketing plans;

      d.      any information of a personal or intimate nature regarding any individual;

      e.      any trade secrets, proprietary business information, or commercially sensitive information; or

      f.      any other category of information this Court subsequently affords confidential status.

3.      The Producing Party may designate as <u>Highly Confidential – Limited</u> the portion of such material that it reasonably and in good faith believes constitutes extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public product design and technical information) where the disclosure of such extremely sensitive, highly confidential, non-public information would create a reasonable risk of competitive, financial, or business injury. Any material marked <u>Highly Confidential – Limited</u> may be shown only to those individuals listed in Paragraph 18, provided that each authorized recipient first has signed the Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit hereto.

4.      The Producing Party may designate as <u>Highly Confidential – Attorneys' Eyes Only</u> the portion of such material that it reasonably and in good faith believes consists of highly sensitive and currently competitive commercial information or items, disclosure thereof to another Party or non-Party would create a substantial risk of competitive harm. Provided that they meet the above requirement, such materials consist of financial information, sensitive technical or business information, research and development information, trade secrets, information obtained from a non-party pursuant to a Nondisclosure Agreement, information obtained from an affiliate or non-party that is subject to other confidentiality restrictions or obligations, non-public patent prosecution information, patent license agreements, patent licensing information, information regarding intellectual property protection strategies and steps, industry analyses, and settlement agreements or settlement communications.

5.      The Producing Party may designate as <u>Highly Confidential – Source Code</u> such material that it reasonably and in good faith believes consists of Source Code, disclosure of

which to another Party or non-Party would create a substantial risk of competitive harm that could not be avoided by less restrictive means. The term "Source Code" means computer code, scripts, assembly code, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, netlists, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs. The term "Source Code" also includes associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. Source Code includes, but is not limited to, files in programming languages such as C++, Java, and Flash. For the avoidance of doubt, the Producing Party may designate as source code "include" files, make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware.

6.     Hard Copy Documents. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Limited," or "Highly Confidential – Source Code" by stamping or otherwise clearly marking as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code" the protected portion in a manner that will not interfere with legibility.

7.  Electronically Produced Documents. When documents are produced in electronic form, the Receiving Party shall print and use electronic versions of documents in such a manner that the confidentiality designations are readily apparent to one viewing the file. The Receiving Party shall ensure that all copies of electronic documents that are used in depositions, hearings, filings, and otherwise are clearly designated with the appropriate confidentiality designations.

8.  Native and/or Other Electronic Materials. All Discovery Material not reduced to hard copy, tangible, or physical form or that cannot be conveniently designated as set forth in Paragraphs 6 or 7 shall be designated by informing the Receiving Party of the designation in writing, by embedding the designation in the file name, and/or by providing the designation in the load file or other similar database, table or chart accompanying said production. To the extent the Receiving Party subsequently generates any permitted copies of this information, whether electronic or hard copy, it shall ensure that all such copies are clearly designated with the appropriate confidentiality designations.

9.  A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Limited," or "Highly Confidential – Source Code" either by: (a) indicating on the record during the deposition that a question calls for Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "[Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code] Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated as "Confidential,"

"Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Limited," or "Highly Confidential – Source Code" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential – Attorneys' Eyes Only.

10.     In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

11.     Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Confidential or Highly Confidential Discovery Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential or Highly Confidential Discovery Material.

12.     The provisions of this Protective Order with respect to Confidential or Highly Confidential Discovery Material shall not apply to information that (a) was, is, or becomes public knowledge without fault of the Receiving Party and not in violation of this Protective Order; (b) is lawfully acquired in good faith from a third party not subject to this Protective Order, such third party being lawfully in possession of it and under no obligation of

confidentiality to the Producing Party; (c) was lawfully possessed by the Receiving Party prior to first receipt of the material from the Producing Party, provided such information was not received directly, or indirectly, from the Producing Party and/or covered by an applicable privilege or other protection from disclosure; (d) is discovered independently by the Receiving Party by means that do not constitute a violation of this Protective Order; or (e) was submitted to any governmental entity by the Producing Party without request for confidential treatment.

13.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

## **LIMITATIONS ON DISCLOSURE**

14.     Where a Producing Party has designated Discovery Material as <u>Confidential</u>, other persons subject to this Order may disclose such information only to the following persons:

    a.    The Parties to this action, their insurers, and counsel to their insurers;

    b.    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c.    outside vendors or service providers (such as copy-service providers or document-management consultants) that counsel hire and assign to this matter;

d. any translators and interpreters, and professional jury or trial consultants, provided such person has first executed a Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit hereto;

e. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit hereto;

f. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

g. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit hereto;

h. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit hereto and is not a current officer, director, board member, or employee of the Producing Party or of a competitor of the Producing Party, nor anticipated at the time of retention to become an officer, director, board member, or employee of the Producing Party or of a competitor of the Producing Party;

i. stenographers engaged to transcribe depositions the Parties conduct in this action; and

j.      this Court, including any appellate court, its support personnel, and court

reporters.

15.     Before disclosing any Confidential Discovery Material to any person referred to

in subparagraphs 14(d), 14(e), 14(g), or 14(h) above, counsel must provide a copy of this Order

to such person, who must sign a Non-Disclosure and Proper Use Agreement in the form annexed

as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.

Said counsel must retain each signed Non-Disclosure and Proper Use Agreement, hold it in

escrow, and produce it to opposing counsel either before such person is permitted to testify (at

deposition or trial) or at the conclusion of the case, whichever comes first.

16.     Where a Producing Party has designated Discovery Material as <u>Highly</u>

<u>Confidential – Attorneys' Eyes Only</u>, other persons subject to this Order may disclose such

information only to the following persons:

a.      the Outside Counsel of Record in this action for the party receiving the

Discovery Material ("Receiving Party"), as well as employees of said

Outside Counsel of Record to whom it is reasonably necessary to disclose

the information for this litigation;

b.      this Court, including any appellate court, its support personnel, and court

reporters;

c.      any persons identified in subparagraphs 14(c)-(e) and 14(i) to whom

disclosure is reasonably necessary for this litigation and who have signed

the Non-Disclosure and Proper Use Agreement in the form annexed as an

Exhibit;

d.    Experts or consultants of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit; and (3) who are not a current officer, director, board member, or employee of the Producing Party or of a competitor of the Producing Party, nor anticipated at the time of retention to become an officer, director, board member, or employee of the Producing Party or of a competitor of the Producing Party; and

e.    Non-expert witnesses who have signed the Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit where at least one of the following conditions applies:

1)    The witness is a current employee of the Producing Party or a Rule 30(b)(6) designee of the Producing Party; or

2)    The witness is the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

For the sake of clarity, Discovery Material designated as Highly Confidential – Attorneys' Eyes Only may not be disclosed to in-house counsel, in-house counsel's paralegals, assistants, and staff, and/or employees of the Receiving Party except as expressly provided in this paragraph. All persons with authorized access to materials or information so designated shall be advised of their obligations under this Protective Order.

17.    Before the disclosure of Highly Confidential – Attorney's Eyes Only Information to an individual in Paragraph 16(d), the Receiving Party must disclose the expert's or

consultant's name, employer, and the names of any entities for whom the expert or consultant has worked with or advised over the last five years. The Receiving Party shall also provide such other information regarding the person's professional activities reasonably requested by the Producing Party for it to evaluate whether good causes exists to object to the disclosure of Discovery Material to the outside expert or consultant.

18.     Where a Producing Party has designated Discovery Material as <u>Highly Confidential – Limited</u>, other persons subject to this Order may disclose such information only to the following persons:

    a.     Any person described in Paragraph 16 of this Order; and

    b.     For Plaintiffs, provided that these individuals have each signed the Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit hereto:

        i.     Gerard Hall

        ii.     Kirk Brown*

        iii.     Mickey Herrin

        iv.     Marv White

        v.     Rhonda Brewer

        vi.     Tran Le

        vii.     Josh Spivak

        viii.     Andrew Lorenz

    c.     For Defendant, provided that these individuals have each signed the Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit hereto:

      i.     Mitchell Schwartz

     ii.     Amy Gold

    iii.     Ryan Zander*

    iv.     Cory Schwartz*

     v.     Greg Cain

    vi.     Rob Engel

   vii.     Ben Jedlovec

The parties have agreed separately and in writing to place additional limitations by topic (the portions of Highly Confidential – Limited documents involving sales, revenues, profits, losses, and other specific financial calculations (with no date limitation)) or by time period (any Highly Confidential – Limited documents created prior to March 2017) on the review of Highly Confidential – Limited Discovery Material by the individuals in Section 18(b) and 18(c) denoted with an asterisk (*). The parties' complete agreement on the review of Highly Confidential – Limited Discovery Material by the individuals in Section 18(b) and 18(c) denoted with an asterisk (*) is detailed in Plaintiffs' March 23, 2021 correspondence and MLBAM's March 22, 2021 correspondence.  The parties agree to meet and confer regarding reasonable requests made in good faith to revise the list of individuals identified in Paragraph 18. Before reviewing individual Discovery Material designated Highly Confidential – Limited, each individual must sign the Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit hereto.

     19.     The following provisions shall govern the production and inspection of source code that is designated Highly Confidential – Source Code:

     a.     Any material designated Highly Confidential – Source Code may be disclosed only to the following individuals, provided none is employed by, or is involved in competitive decision-making on behalf of, a Party or

a competitor of a Party: (i) the Receiving Party's Outside Counsel, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff; (ii) any outside expert or consultant retained by the Receiving Party to assist in this action, provided that such expert agrees to be bound by this Protective Order and signs the Non-Disclosure and Proper Use Agreement in the form annexed as an Exhibit, and that the Receiving Party discloses the expert's or consultant's name, employer, and the names of any entities for whom the expert or consultant has worked with or advised over the last five years. These materials regarding the expert or consultant must be disclosed at least five business days prior to any scheduled inspection and the expert or consultant must be approved by the Producing Party prior to any review of source code.

b.    Any source code that is produced in this case shall be made available for inspection in electronic (*e.g.*, native) format in the office of counsel for the Producing Party. The source code will be produced in a manner that enables it to be reasonably reviewed and searched. The source code shall be available during normal business hours for no more than 8 hours total per day. The Producing Party will make good faith efforts to accommodate reasonable requests to alter these hours so long as advanced notice is provided.

c.    Once source code has been made available for inspection, the Receiving Party shall provide notice of its inspection at least five business days prior to the inspection. The notice shall include the expected dates of the

13

inspection as well as the name, employer(s), and title(s) of each individual who will be conducting the inspection.

d.     The source code shall be made available for inspection in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The source code shall be produced in a computer searchable format on the Source Code Computer and in the file format in which it is kept in the ordinary course of business. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code.

e.     The Parties shall agree to install tools that are sufficient for viewing and searching the code produced, on the platform produced. The Parties recognize that appropriate licenses may need to be obtained to such software tools and that the Receiving Party may need to acquire and provide such tools to the Producing Party for installation onto the Source Code Computer.

f.     No recordable media or recordable devices, including without limitation, sound recorders, personal digital assistants (PDAs), cellular telephones, smartphones, peripheral equipment, cameras, voice recorders,

Dictaphones, telephone jacks, CDs, DVDs, or drives of any kind (e.g., USB memory sticks and portable hard drives) or computers (other than the Source Code Computer and Notetaking Computer), shall be permitted into the Source Code Review Room. No non-electronic devices capable of similar functionality shall be permitted in the Source Code Review Room. The taking of photographs or video shall not be permitted in the Source Code Review Room. No copies of all or any portion of the Source Code may leave the Source Code Review Room.

g.   The Receiving Party's Outside Counsel and/or experts shall be entitled to take written or electronic notes relating to the Source Code but may not copy, transcribe, or transmit the Source Code or any portion thereof. The Receiving Party may use a single Notetaking Computer for the sole purpose of taking or reviewing notes. The Receiving Party may maintain the Notetaking Computer in their possession until ninety (90) days following termination of this matter, after which the Receiving Party must provide a written certification that all notes and other materials related to this litigation have been deleted from the Notetaking Computer. The Notetaking Computer, and any notes on it, shall be subject to the same confidentiality designation as the Source Code itself. No other written or electronic notes are permitted except as provided in this Order. Any notes must be marked on each page with the designation Highly Confidential – Source Code and shall be maintained in a manner that prevents duplication of or unauthorized access to the source code.

h.   The Producing Party may visually monitor the activities of the

Receiving Party's representatives during source code review, but only to ensure that the Receiving Party's representatives are adhering to all procedures and guidelines outlined in this Protective Order.

i.    The Receiving Party may request that no more than 50 total pages of Source Code be printed by the Producing Party. The Parties may agree in writing to additional pages, if necessary. Any printed pages shall be printed on colored paper, Bates stamped and labeled Highly Confidential – Source Code. The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Parties agree that they will undertake all necessary efforts to ensure that any Source Code filed with the Court is filed under seal.

j.    The Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of their Outside Counsel.

k.    The Receiving Party shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the Source Code Review Room.

l.    The Receiving Party's Outside Counsel will make no more than four (4) additional copies of any portion of the Source Code, not including copies attached to court filings or used at depositions, for use only in this matter

and only by its outside attorneys and approved experts. The Receiving Party shall maintain a log of all paper copies of the Source Code. The Receiving Party must keep the paper copies in a secured location, including, without limitation, storing the paper copies in a locked room or cabinet at all times when it is not in use.

m.    The Receiving Party's Outside Counsel will make the Source Code available in the office of counsel for the Producing Party to no more than five individuals, and shall maintain a log of all individuals who at any time obtained access to Source Code.

n.    The Receiving Party may maintain any copies of the source code (including hard copies or portions of source code included in filings, expert reports, etc.) in their possession until sixty (60) days following termination of this matter, after which they must destroy any documents containing source code or return them to the Producing Party. Any copies of the source code, and any notes on them, shall be subject to the same confidentiality designation as the source code itself.

o.    If the Receiving Party intends to use any source code at a deposition, it may make only as many copies, and only of the specific pages, as the Receiving Party intends to actually use at the deposition.

p.    The Receiving Party will not make electronic copies of the Source Code from any paper copy of Source Code or electronically transmit any source code in any way, except in preparation for or in connection with: (i) filing (under seal) and service of papers, motions, and pleadings; (ii) expert

reports; and (iii) a hearing or trial in this matter. Any such electronic copies shall be password protected and encrypted. Any such electronic copies shall be included in the log generated pursuant to Paragraph 19(m). Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. Access to such electronic copies of source code printouts will be limited to 11 individuals, and such electronic copies are to be made strictly for the purposes of filings or hearings. Additionally, any electronic copies of source code must be labeled Highly Confidential – Source Code as provided for in this Order.

q.   All paper copies of source code shall be securely destroyed in a timely manner if they are no longer in use (e.g., at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

r.      Nothing in this Agreement shall be construed as a representation or admission that any Source Code is properly discoverable in this action, or obligates any party to produce any Source Code.

20.     Any Party who requests additional limits on disclosure, may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

21.     Recipients of Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

## INADVERTENT OR IMPROPER DISCLOSURE

22.     If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code.

23.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

24.     Each person who has access to Discovery Material designated as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

25.     If any Discovery Material is improperly disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Producing Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address, and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to retrieve any Discovery Material disclosed to such unauthorized person and prevent further disclosure by each unauthorized person who received such information.

## PRIVILEGE AND WORK PRODUCT

26.     Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), if information subject to a claim of attorney-client privilege, work-product protection, or any other applicable claim of privilege or protection is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or protection for such information. Upon request by the Producing Party, the Receiving Party shall promptly return, sequester, or destroy the specified information and any copies it has; must not

use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents, and things to which a claim of privilege has been made.

27.    Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable. Such materials shall be treated as attorney work product for the purposes of this case and Protective Order.

## COURT FILINGS

28.    In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

29.    The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at

trial, even if such material has previously been sealed or designated as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code.

30.     In filing Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

## PROSECUTION BAR

31.     Notwithstanding any other provisions of this Protective Order, under no circumstances shall any person employed by, related to, or representing the Parties, who has received Discovery Material specifically designated as "Highly Confidential – Attorneys' Eyes Only," Highly Confidential – Limited, or "Highly Confidential – Source Code" engage in any Prosecution Activity (as defined below)  with  respect  to the capture, collection, depiction and/or insertion of three-dimensional spaces and objects into video. Furthermore, any person receiving information designated as "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Limited," or "Highly Confidential – Source Code" shall not engage in any Prosecution Activity involving any application related to any of the patents-in-suit. The provisions of this paragraph do not apply where a Party discloses its own Discovery Material to

an individual not designated under this Order to receive such materials. These restrictions shall apply from the time of receipt of Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Limited," or "Highly Confidential – Source Code" through and including one year following the entry of a final, non-appealable judgment or order or the complete settlement of all claims against all Parties in this action.

32.   Prosecution Activity shall mean: (1) preparing and/or prosecuting any patent application, or portion thereof, whether design or utility, either in the United States or abroad; (2) preparing patent claim(s) for any application or patent; or (3) providing advice, counsel, or suggestions regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s). For the avoidance of doubt, the proscribed activities described herein are intended to include formulation of broadening claims relating to the Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Limited," or "Highly Confidential – Source Code," but are not intended to preclude participation in post-grant proceedings, including reexaminations, reissues, or inter partes review. In addition, nothing in this paragraph shall prevent any attorney from sending Prior Art to an attorney involved in patent prosecution. Prior Art shall mean (i) publications, including patents and published patent applications; and (ii) materials or information regarding third party system or product that was publicly known, on sale, or in public use as of the relevant priority date, unless such materials are designated as Protected Materials by that third party or are subject to confidentiality obligations owed to that third party.

**MISCELLANEOUS**

33.     Nothing in this Order will prevent any Party from producing any Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

34.     In the event a discovery request would require the production of any document or information that is subject to an obligation of confidentiality to a non-party, the party that received the request shall disclose the existence of the requested documents or information to the requesting Party, but shall not be required to immediately produce the documents or information. Instead, the would-be Producing Party must provide the non-party with written notice as soon as reasonably possible. The notice must state that the requested documents or information will be produced subject to this Protective Order unless the non-party seeks a protective order from the Court within fifteen (15) calendar days of receiving notice. This Protective Order must be appended to the notice. The non-party may require the designation of the requested documents as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code. If no protective order is sought by the non-party, the documents may be produced in response to a proper discovery request.

## FINAL DISPOSITION OF THIS ACTION

35.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material. Any such archival copies that contain or constitute Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material remain subject to this Order.

36.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material is produced or disclosed.

37.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.


SO STIPULATED AND AGREED.

Dated: February 24, 2021

/s/  William M. Taylor
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Stephen G. Rinehart
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6305
stephen.rinehart@troutman.com

Matthew H. Adler (admitted *pro hac vice*)
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
matt.adler@troutman.com

William M. Taylor (admitted *pro hac vice*)
Griffin N. Mesmer (admitted *pro hac vice*)
125 High Street
High Street Tower
Boston, MA 02110-2736
(617) 204-5100
william.taylor@troutman.com
griffin.mesmer@troutman.com

Gregory S. Bishop (admitted *pro hac vice*)
333 Twin Dolphin Drive, Suite 400
Redwood City, CA 94065
(650) 802-3601
Gregory.bishop@troutman.com

*Attorneys for Plaintiffs Sportsvision, Inc. and SportsMEDIA Technology Corporation*

Dated: February 24, 2021

/s/ Alan Littmann
Alan E. Littmann
Brian P. O'Donoghue
Allyson Julien
Laura Sexton
Shaun Zhang
Samuel E. Schoenburg
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
200 S. Wacker, 22nd Fl.
Chicago, IL 60606
Telephone: (312) 881-5969
Facsimile: (312) 881-5189
Email: alittmann@goldmanismail.com
Email: bodonoghue @goldmanismail.com
Email: ajulien@goldmanismail.com
Email: lsexton@goldmanismail.com
Email: szhang@goldmanismail.com
Email: sschoenburg@goldmanismail.com

J. Christopher Jensen
Joelle A. Milov
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9204
Facsimile: (212) 575-0671
Email: jcj@cll.com
Email: jam@cll.com

*Attorneys for Defendant MLB Advanced Media, L.P.*

Dated: May 17, 2021

New York, New York

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPORTVISION, INC. and SPORTSMEDIA TECHNOLOGY CORPORATION, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| MLB ADVANCED MEDIA, LP, | : <br> : |
| Defendant. | : <br> : |

No. 1:18-cv-03025-PGG

**NON-DISCLOSURE**
**AND PROPER USE AGREEMENT**

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure and proper use of those portions of Discovery Material that have been designated as Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code. I agree that I will not disclose such Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. I further agree that I will use any Confidential, Highly Confidential – Attorneys' Eyes Only, Highly Confidential – Limited, or Highly Confidential – Source Code Discovery Material that I receive solely for the prosecution and defense of this action and any appeals thereto, and not for any technical, business, commercial, or competitive purpose, or in any other litigation proceeding. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that my

willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

_____

Dated: