Troutman Pepper Hamilton Sanders LLP
333 Twin Dolphin Drive, Suite 400
Redwood City, CA  94065-1434

troutman.com

**Gregory S. Bishop**
D 650.802.3601
gregory.bishop@troutman.com

<u>**Via ECF**</u>

November 11, 2021

Honorable Debra Freeman
Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Sportvision, Inc. et al. v. MLB Advanced Media, L.P.,*
            No. 18-cv-3025-PGG-DF

Dear Judge Freeman:

We represent Plaintiffs Sportvision, Inc., and SportsMEDIA Technology Corporation.  I am writing in response to what purports to be a "Joint Letter Motion" filed on November 4, 2021 by counsel for ChyronHego Corp., ChyronHego Parent Corp., (collectively "ChyronHego") and Peter Morrone, which was filed with my electronic signature affixed.  (Dkt. D270, 270-8.)  The purpose of this letter is to inform the Court that I did not authorize the filing of this "joint letter", nor did I authorize its filing under my electronic signature.  I also write to briefly respond to changes ChyronHego made to its portion of the "joint letter" that it made without informing Plaintiffs and giving us a chance to respond.

The fact that I did not authorize this filing may be already clear to the Court, as the letter does not comply with Rule 8.5 of the SDNY Electronic Case Filing Rules & Instructions, which requires:

> Documents requiring signatures of more than one party must be electronically filed either by:  (a) submitting a scanned document containing all necessary signatures; (b) representing the consent of the other parties on the document; (c) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (d) in any other manner approved by the Court.

Filing counsel did not (and could not) comply with this rule, because I did not provide such authorization.  On the assumption it was an innocent mistake, I asked counsel to inform the Court that the purported "Joint Letter Motion" was filed without my authorization.  Unfortunately, counsel refused.



The Court requires all discovery motions in this matter to be filed as joint letter motions. To reach a joint filing, the parties exchange drafts, giving each party the opportunity to address the points and authorities raised by the other party. Once consensus is reached, the moving party obtains authorization to submit the joint letter and to file under the other party's signature—and adds the attestation required under Rule 8.5. Here, that did not happen.

Instead, ChyronHego's counsel sent a first draft with their position and Plaintiffs' counsel sent a responsive draft. Plaintiffs' counsel repeatedly asked whether ChyronHego intended to alter its portion of the joint letter brief before filing and informed counsel that it was not to file the brief if changes were made. For example: Plaintiffs sent three e-mails prior to ChyronHego's unauthorized filing, stating:

(1) "if you do make any changes or additions, you do not have our approval to file until you provide them to us and we provide our approval to file";

(2) "Before filing, please confirm that ChyronHego has not made any changes or additions to its portion of the submission"; and

(3) "Please confirm that ChyronHego has not made any changes or additions to its portion of the submission."

ChyronHego's counsel did not respond to these e-mails nor inform us of any changes to the joint letter. Nonetheless, ChyronHego changed its portion of the brief, did not inform us of the changes, and yet filed the unauthorized "joint letter" without giving Plaintiffs a chance to respond and without seeking authorization to file. Thus, not only was the unauthorized filing under my electronic signature a violation of the Court rules, it was especially egregious here because it substantively prejudiced Plaintiffs by not giving them a chance to respond to the changes.

**Response to ChyronHego's Alterations**

The changes ChyronHego made to its briefing are substantively fatal to its position. The original draft provided to Plaintiffs stated unequivocally that Mr. Morrone is willing to submit a declaration that he has no "percipient knowledge of the development of ChyronHego's proprietary ball tracking and/or player tracking technology that was ultimately used in connection with MLBAM." Mr. Morrone did not provide that declaration. In the version filed with the Court, Mr. Morrone withdrew that representation without informing Plaintiffs. Counsel now represents only that Mr. Morrone "has no knowledge of ChyronHego's *source code* on ball and/or player tracking and was not involved in the development of *that* technology." (Emphasis added.) This is a tacit admission that counsel's prior representation was incorrect, and that Mr. Morrone does have "percipient knowledge of the development of ChyronHego's proprietary ball tracking and/or player tracking technology." The documents received from ChyronHego and testimony received from MLBAM make clear Mr. Morrone's intimate involvement in the development of the ChyronHego technology that is at the heart of this litigation. Again, Mr. Morrone provided no declaration for the Court to review.



Plaintiffs are entitled to question Mr. Morrone and ChyronHego about their knowledge of ChyronHego's "proprietary" technology in the Accused Products, to cross-examine Mr. Morrone about any declaration he may provide, and to question ChyronHego and Mr. Morrone about the many documents and communications exchanged between him (and other ChyronHego employees) and MLBAM that demonstrate his intimate involvement with the development of the Accused Products using Plaintiffs' confidential information.

Respectfully,

/s/ *Gregory S. Bishop*
Gregory S. Bishop

cc:  Counsel of Record (via ECF)
     Counsel for ChyronHego Corp., ChyronHego Parent Corp., and Peter Morrone (via ECF)

#120912497 v1