UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SPORTVISION, INC. et al.,

                        Plaintiffs,                        18-CV-03025 (PGG) (VF)

      -against-

MLB ADVANCED MEDIA, L.P.,                            **ORDER**

                        Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      In the course of a pretrial deposition of Rick Cavallaro—the former Chief Scientist at Sportvision, Inc. ("Sportvision" or "Plaintiff") and one of the inventors of the '530 Patent at issue in this lawsuit—MLB Advanced Media, L.P. ("MLBAM" or "Defendant") attempted to question Cavallaro about an October 18, 2013 email produced by Sportvision in discovery. Sportvision's counsel instructed Cavallaro not to answer any questions about the email, informing MLBAM's counsel that the email was privileged and asking that the email and any copies be returned.

      Following a meet and confer, MLBAM and Sportvision submitted a joint letter motion on November 29, 2021, seeking *in camera* review of the October 18th email and a determination as to whether the email was privileged. See ECF Nos. 275-276. The Court granted the request on January 10, 2022, see ECF No. 282, and Sportvision submitted the email to the Court for *in camera* review on January 12, 2022. Sportvision has demonstrated that the contents of the email are privileged and that the privilege was not waived. Accordingly, MLBAM's request that the Court enter an order compelling production of the email is denied.

      The email at issue, dated October 18, 2013, was sent by Hank Adams, Sportvision's former CEO, to Jed Drake at ESPN. See ECF No. 275 at 2. Sportvision contends that the

contents of the email are protected by the attorney-client privilege, and that the privilege was not waived when Adams sent the email to Drake, because ESPN and Sportvision had a common legal interest in protecting the '530 Patent, which Sportvision and ESPN co-owned and which was the subject of the email. Id. at 14-16. MLBAM disputes that the contents of the email are privileged and also argues that any privilege was waived when the email was sent to third-party ESPN, because the common-interest exception does not apply. Id. at 3-5.

A brief description of the substance of the October 18th email is required. The email can be separated into three parts. The first part of the email consists of text written by Hank Adams at Sportvision, the sender of the email, to Jed Drake, the recipient and an employee at ESPN. This first part ends with a closing from Adams: "regards, Hank." Following Adams' closing, there are two separate portions of text in the email, both of which were copied by Adams from prior emails written by different individuals.

In the second part of the October 18th email, Adams included text copied from a September 25, 2013 email written by Mike Jakob, an employee of Sportvision, and sent to Burt Magen, Sportvision's outside patent counsel, Rick Cavallaro, the named inventor of the '530 Patent, and others at Sportvision. That email from Jakob, which Adams copied into his October 18th email to Drake, summarizes a call between Jakob, Cavallaro, Magen, and others at Sportvision. Based on other privileged emails submitted by Sportvision for the Court's *in camera* review, it is apparent that the impetus for the call with Magen and Cavallaro was Jakob's request for Magen's legal advice concerning the '530 Patent and potential infringement of that patent by Fox. See Exhibit B to Jan. 12, 2022 ex parte letter to the Court. It is also apparent from the text of Jakob's email that the focus of the call with Magen, the contents of which Jakob summarized

in his September 25th email, was obtaining Magen's legal advice in connection with the '530 Patent.

The final part of the email from Adams to Drake incorporates text from a September 25th email by Cavallaro. On September 25, 2013, Cavallaro sent an email to Jakob, Magen, and others at Sportvision, in response to Jakob's email from that same day summarizing the "call" with Magen and Cavallaro. It is also apparent from the privileged emails submitted to the Court for its *in camera* review, that Cavallaro's email was providing a technical analysis of the '530 Patent, which was necessary for Magen to provide the requested legal advice in connection with that patent.

"While the [attorney-client] privilege is generally waived by voluntary disclosure of the communication to another party, the privilege is not waived by disclosure of communications to a party that is engaged in a 'common legal enterprise' with the holder of the privilege." Schaeffler v. United States, 806 F.3d 34, 40 (2d Cir. 2015). Parties may share a "common legal interest" even if there is no "actual litigation in progress." Id. "Only those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected." Securities & Exchange Commission v. Rashid, No. 17-CV-8223 (PKC), 2018 WL 6573451, at *1 (S.D.N.Y. Dec. 13, 2018). The communication must have been "solely for the obtaining or providing of legal advice." Schaeffler, 806 F.3d at 40. The party invoking the privilege "has the burden of demonstrating that it was in effect." Id. Sportvision has satisfied that burden here.

As an initial matter, the portions of the October 18th email, which merely contain the text from separate and earlier emails by Jakob and Cavallaro to Magen and others, are protected by the attorney-client privilege. See Brennan Ctr. For Justice at N.Y. Univ. Sch. of Law v. U.S.

Dep't of Justice, 697 F.3d 184, 207 (2d Cir. 2012) (explaining that the attorney-client privilege protects communications between a client and his attorney that are confidential and "for the purpose of obtaining or providing legal assistance"). All of that text consists of communications between Sportvision employees and Magen, Sportvision's outside counsel, and the communications were specifically for the purpose of obtaining Magen's legal advice regarding potential infringement of the '530 Patent. Additionally, there is no indication that the contents of those communications between Magen, Jakob, and Cavallaro were not intended to be kept confidential.

Moreover, Adams' disclosure of those privileged communications to Drake did not waive the privilege because the common-interest exception applied. Sportvision and ESPN are co-owners of the '530 Patent. See ECF No. 275 at 9-11. On October 17, 2013, the day before Adams' email, Drake writes to Adams: "I think FOX just violated ou[r] patents with a sequence of pitches OVER home plate." See id. at 13. The next day, October 18, 2013, Adams sends the email to Drake that is at issue here. The two privileged portions of the October 18th email, which contained text from prior emails by Jakob and Cavallaro, were created in the course of seeking and obtaining Magen's legal advice concerning potential infringement of the '530 Patent by Fox. And, the first portion of Adams' email to Drake suggests that Adams was forwarding those privileged communications to ESPN because Sportvision and ESPN were trying to formulate a response to Fox's potential infringement of their co-owned patent. See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 447 (S.D.N.Y. 1995) (explaining that for common-interest exception to apply parties "must have demonstrated cooperation in formulating a common legal strategy"); see also Global Gaming Philippines, LLC v. Razon, No. 21-CV-02655 (LGS) (SN), 2021 WL 4243395, at *3 (S.D.N.Y. Sept. 17, 2021) (explaining that

exception applies even where parties do not have "identical legal interests" so long as they have "a limited common purpose, which necessitates disclosures to certain parties which would otherwise serve to waive" the privilege) (internal quotation marks omitted). Viewed in this light, the common legal interest between Sportvision and ESPN was the potential enforcement of their co-owned '530 Patent. See Schaeffler, 806 F.3d at 41-42 (applying common-interest doctrine to communications between borrower and consortium of banks based on "strong common interest" shared by parties to successfully refinance and restructure the borrower's loan); In re Regents of University of California, 101 F.3d 1386, 1390 (Fed. Cir. 1996) (concluding that legal interests between patent owner and exclusive licensee were "substantially identical" for application of the common-interest exception because "valid and enforceable patents" was "in the interest of both parties"); see also AntennaSys, Inc. v. AQYR Techs., Inc., 976 F.3d 1374, 1378 (Fed. Cir. 20920) (stating that a patent infringement action must "join as plaintiffs all co-owners").

     MLBAM argues that there were no attorneys included in the October 18th email. See ECF No. 275 at 5. But that Drake did not include an attorney for ESPN in his October 18th email does not bar application of the common-interest exception. See Gucci Am., Inc. v. Gucci, No. 07 Civ. 6820 (RMB) (JCF), 2008 WL 5251989, at *1 (S.D.N.Y. Dec. 15, 2008) (explaining that common-interest doctrine applies if the information contained in a communication is privileged, "even though no attorney either creates or receives that communication"); see also Bank Brussels Lambert, 160 F.R.D. at 447 (noting that doctrine applies "where parties are represented by separate counsel but engage in a common legal enterprise"). MLBAM also argues that there is no evidence that Sportvision and ESPN had agreed to engage in a joint legal strategy. ECF No. 275 at 5. But this argument ignores the evidence showing that (1) Sportvision and ESPN were co-owners of the '530 Patent in 2013, and (2) both were addressing the potential infringement of

their co-owned patent by Fox. As co-owners of the patent, Sportvision and ESPN would undoubtedly have engaged "in a common legal enterprise" to protect the patent from infringement. That ESPN and Sportvision may have disagreed as to whether Fox should be granted a license for use of the patent, see ECF No. 275 at 4-5, does not undermine the conclusion that Sportvision and ESPN would have shared the same legal interest in protecting the patent from infringement.

In short, (1) the October 18th email was between co-owners of a patent; (2) it was sent by one co-owner to another co-owner in response to a potential infringement of that co-owned patent by a particular entity; and (3) it contained legal advice obtained specifically to address the potential infringement of the co-owned patent by the same entity. As such, the privileged communications contained in the October 18th email are protected from discovery by the attorney-client privilege and the privilege was not waived because the common-interest exception applied. However, there are portions of the October 18th email—specifically, the first part of the email that precedes the closing by Adams—that are not privileged. Although some statements in that first portion of the email appear to concern the provision of legal advice, other portions of the email do not appear to concern or relate to legal advice. Sportvision is thus ordered to provide the Court with proposed redactions to the first portion of the email by October 5, 2022, for purposes of producing a redacted copy of the email to MLBAM. The second and third parts of the email, as already described supra, are privileged and should be redacted when the October 18th email is produced to MLBAM.

**SO ORDERED.**

DATED:   New York, New York
         September 26, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge