

**SO ORDERED**

*/s/ Valerie Figueredo*
VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 4-10-2023

Plaintiffs are directed to file a response to this letter motion by no later than **Monday, April 17, 2023**. A telephonic discovery conference to address this letter motion is scheduled for **Thursday, April 20, 2023 at 3:00 p.m.** Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time.  Please dial (888) 808-6929; access code 9781335.

<u>SENT VIA ECF</u>

April 7, 2023

Honorable Valerie Figueredo
Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17A
New York, NY 10007-1312

Re:  *Sportvision, Inc. et al. v. MLB Advanced Media, L.P.*, No. 18-cv-03025-PGG-VF

Dear Judge Figueredo:

Defendant MLB Advanced Media, L.P. ("MLBAM") submits this letter-motion to request that Plaintiffs be barred from affirmatively relying on evidence Plaintiffs obtained from a subpoena to third-party TrackMan, Inc. MLBAM first learned on March 24, 2023 that Plaintiffs failed to produce nearly 300 pages of documents they subpoenaed from TrackMan. MLBAM did not receive these documents until nearly a year after TrackMan's corporate deposition, weeks after the close of fact discovery, and after Plaintiffs served opening expert reports. Plaintiffs' discovery violation has prevented MLBAM from developing a complete factual record and irrevocably tainted the deposition of TrackMan's representative. MLBAM thus requests, as a fair sanction under Federal Rule of Civil Procedure 37(c)(1), that Plaintiffs be barred from affirmatively using on a motion, in an expert report, at a hearing, or at trial: (1) TrackMan's corporate deposition, and (2) any documents obtained from TrackMan via Plaintiffs' subpoena.

> **A.   <u>Plaintiffs Failed to Produce TrackMan Documents for More Than One Year.</u>**

TrackMan is one of the companies that worked through 2019 to develop the MLBAM pitch-tracking technology at issue in this litigation. Plaintiffs served a third-party subpoena on TrackMan on August 3, 2020. After extensive briefing between Plaintiffs and TrackMan, Plaintiffs secured a series of limited document productions and an abridged corporate deposition of TrackMan. (*See* ECF Nos. 109, 292, 323.) TrackMan's corporate deposition took place on April 8, 2022, and both Plaintiffs and MLBAM questioned the witness. As of that date, Plaintiffs had produced to MLBAM twenty-six TrackMan documents received pursuant to Plaintiffs' subpoena. MLBAM believed at that time that it had received all third-party productions from Plaintiffs.

MLBAM has since learned it had not. Nearly a year later, and only after Plaintiffs served their patent infringement and trade secrets expert report on March 17, 2023, MLBAM discovered that Plaintiffs' expert cited to TrackMan documents that MLBAM could not find in any document production. Confronted with this, Plaintiffs' counsel revealed that they failed to produce to MLBAM three separate TrackMan productions, comprising almost 300 pages, that were received on June 30, 2021, February 1, 2022, and February 10, 2022. (Ex. A, 3/24/2023 Mesmer Email to Julien.) The withheld documents are a full half of

April 7, 2023
Page 2

what TrackMan produced to Plaintiffs.[1]

Plaintiffs failed to disclose the withheld documents until nearly a year after they completed the deposition of TrackMan Baseball's President Hans Deutmeyer. (*See* ECF No. 323.) MLBAM now knows it had no opportunity to review half of TrackMan's production in advance of that deposition, let alone to question Mr. Deutmeyer on several documents that bear significantly on MLBAM's defenses. While Plaintiffs did use two previously undisclosed TrackMan documents in the deposition itself, MLBAM did not realize at the time that Plaintiffs had failed to produce those two documents—and certainly not two dozen others, consisting of hundreds of pages. Indeed, MLBAM was not permitted to unseal any exhibits until the deposition began, and per the parties' agreement, destroyed any unused exhibits after the deposition.

### B. Plaintiffs Should Not Be Permitted to Use TrackMan's Deposition and Documents.

Plaintiffs' failure to produce, for up to 20 months, three separate TrackMan productions totaling hundreds of pages violated both their supplementation obligations under Federal Rule of Civil Procedure 26(e)(1) and the parties' Joint Discovery Protocol. Specifically, in August 2020, the parties entered a Joint Discovery Protocol agreeing to serve on the opposing party "all materials received pursuant to any third-party subpoena within five (5) business days of receipt from the third-party." (Ex. B, 8/14/2020 Joint Disc. Protocol at § G(1).) The following month, Plaintiffs agreed to MLBAM's Request for Production No. 112 to produce "documents [Plaintiffs] receive from a third-party in this case and all written discovery [Plaintiffs] serve on any third-party in this case." (Ex. C, 9/3/2020 Pls.' Resp. to MLBAM's 1st Set of RFPs, at 83.)

Plaintiffs' violation of these commitments warrants sanctions. A party that "fails to provide information . . . as required by Rule 26[(e)] . . . is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts in this District consider four factors to assess discovery sanctions: "(i) the party's explanation for its failure to disclose, (ii) the importance of the evidence, (iii) the prejudice suffered by the opposing party, and (iv) the possibility of a continuance." *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 634 (S.D.N.Y. 2014) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)). "The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless." *Id.* (quotations omitted). Here, Plaintiffs' failure is neither justified nor harmless. The only fair remedy is to preclude Plaintiffs from relying on the spoiled evidence in this case.

### 1. Plaintiffs Have No Explanation for Withholding the TrackMan Documents.

Plaintiffs have not explained their discovery omissions except to say that an "inadvertent production error" caused their failure to turn over three different TrackMan productions received on three different dates over the course of seven months. (Ex. A, 3/24/2023 Mesmer Email to Julien.) Plaintiffs stated that they were still "looking into our records" regarding these errors after multiple inquiries, adding no further explanation during an April 3, 2023 call. (*See id.* at 3/28/2023 Mesmer email to Julien.) Even if inadvertent, Plaintiffs' "complete lack of explanation thus weighs in favor of preclusion." *523 IP LLC*, 48 F. Supp. 3d at 638.

Plaintiffs have tried to trivialize their violation by suggesting that material buried within Plaintiffs' long dispute with TrackMan—to which MLBAM was not a briefing party nor invited to join any meet-and-confer discussions—put MLBAM on notice of the documents. Plaintiffs referred MLBAM to one filing, totaling 1,438 pages, that hid three previously undisclosed TrackMan documents within 55 exhibits, two of which were submitted by TrackMan, not Plaintiffs. (ECF No. 249; *id.* 249-14, -53, -54.) Another filing referred to

---

[1] In meet-and-confers for this dispute, Plaintiffs also admitted they failed to produce two documents from third-party ChyronHego that Plaintiffs first received in January 2022. (*See* Ex. A, 4/3/2023 Mesmer Email to Schoenburg.) MLBAM reserves its right to seek relief on this or other discovery violations it uncovers.

April 7, 2023
Page 3

additional documents that TrackMan had produced in the middle of briefing to compel a deposition. (ECF No. 311 at 3.) MLBAM's inability to find these needles in haystacks neither excuses Plaintiffs' discovery violations nor lessens Plaintiffs' burden to justify them. *See 523 IP LLC*, 48 F. Supp. 3d at 634. Whatever Plaintiffs argue about MLBAM's supposed constructive notice, there is no dispute that Plaintiffs never served three TrackMan productions on MLBAM, in violation of Plaintiffs' obligations.

### 2. Plaintiffs' Belated Disclosure Severely Prejudices MLBAM's Defense.

Plaintiffs' failure to produce half of TrackMan's production has severely prejudiced MLBAM's defense. The withheld documents in some instances differ in important ways from previously produced documents, and in others cast previously produced documents in a new light. Many would directly aid MLBAM's case. For instance, Plaintiffs have alleged trade secret misappropriation and unfair competition based on the theory that MLBAM's new PitchCast system used Plaintiffs' prior PITCHf/x system as a "blueprint." Yet, several of the unproduced TrackMan documents reveal the PitchCast system design and layout to be vastly different and that aspects of TrackMan's technology were developed well before any allegedly confidential documents were shared. Other documents show TrackMan's calibration system in far more detail than previously known, which bears on MLBAM's patent, trade secret, and unfair competition defenses.

While Plaintiffs had all TrackMan documents before TrackMan's corporate deposition, MLBAM did not. MLBAM could have questioned TrackMan's witness, Mr. Deutmeyer, about any of these documents, and more, had MLBAM been made aware of them before his deposition a year ago. But Plaintiffs' discovery failure precluded that possibility. Moreover, Plaintiffs' expert cites Mr. Deutmeyer's deposition more than a dozen times to support Plaintiffs' infringement, misappropriation, and unfair competition claims. Because that deposition occurred when MLBAM knew of only half of TrackMan's production, MLBAM "did not have an opportunity to question [Mr. Deutmeyer] about the exhibits or introduce evidence to refute the conclusions he draws from the exhibits." *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 311 (S.D.N.Y. 2015); *see also Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 726 F. Supp. 2d 339, 349 (S.D.N.Y. 2010) ("Discovery is now closed in this three- [here, five-]year old litigation, and [MLBAM] did not have an opportunity to depose Mr. [Deutmeyer] about these documents."). The factual record available to MLBAM to rebut Plaintiffs' expert is irrevocably sullied. Precluding Plaintiffs from using any TrackMan documents and Mr. Deutmeyer's deposition is warranted.

### 3. A Continuance Is Impractical and Infeasible.

A continuation would be impractical and infeasible at this stage. The parties have now begun expert discovery five years after this case was first filed. Mr. Deutmeyer, a representative of non-party TrackMan, was deposed a year ago via Plaintiffs' subpoena, and only under Court order. (ECF No. 323.) "Although the Court could theoretically re-open discovery, order [Mr. Deutmeyer] to [re-]appear for a deposition, and permit the Parties to re-submit [expert reports], doing so would serve no purpose except to encourage parties to disregard the Court's scheduling order and would result in further delay." *New World Sols.*, 150 F. Supp. 3d at 308 (quotations omitted). Further, Plaintiffs failed to disclose the withheld TrackMan documents while fact discovery stayed open for nearly a year after Mr. Deutmeyer's deposition. The better remedy is to prevent Plaintiffs from affirmatively using the spoiled evidence before it further infects the parties' expert opinions and compounds disputes—and prejudice to MLBAM—at summary judgment. *See 523 IP LLC*, 48 F. Supp. 3d at 632 (excluding evidence before deciding summary judgment because "the Court must consider *admissible* evidence" at that stage).

Accordingly, MLBAM respectfully requests the Court bar Plaintiffs from affirmatively using on a motion, in an expert report, at a hearing, or at trial (1) Mr. Deutmeyer's deposition, and (2) any TrackMan documents obtained from Plaintiffs' tainted subpoena.

April 7, 2023
Page 4

**Certification**: Pursuant to Section II(c)(2) of Your Honor's Individual Practices in Civil Cases, MLBAM certifies that it met and conferred with Plaintiffs on April 3, 2023, from 2:30 to 2:45 pm ET, to discuss Plaintiffs' belated disclosure of TrackMan documents. Allyson Julien, Sam Schoenburg, and Alan Littmann attended for MLBAM, and Griffin Mesmer attended on behalf of Plaintiffs. MLBAM sought Plaintiffs' explanation for failing to disclose three TrackMan productions and informed Plaintiffs of the relief MLBAM seeks to remedy the discovery violation and the bases. Plaintiffs agreed to consider MLBAM's proposal. After further email correspondence, Plaintiffs confirmed their disagreement with MLBAM's proposed remedy and offered only to consider the potential treatment of specific non-produced TrackMan documents identified by MLBAM as causing it to be prejudiced in TrackMan's deposition. MLBAM disagreed with that proposal as it improperly shifts the burden to MLBAM (the prejudiced party) and Plaintiffs' failure to produce half of TrackMan's documents more than a year ago prevented MLBAM from developing a full factual record.  MLBAM confirmed to Plaintiffs on April 6 and April 7, 2023 that the parties were at an impasse and informed Plaintiffs that MLBAM would be requesting a conference with the Court and seeking appropriate discovery sanctions. MLBAM filed this letter-motion thereafter.

Sincerely,

Alan E. Littmann