

> Application Granted
>
> *[signature]*
> Valerie Figueredo, U.S.M.J.
> DATED: 4-26-2023
>
> For the same reasons provided at ECF No. 448, Defendant's letter motion to seal is **GRANTED**. The Clerk of Court is directed to terminate the motion at ECF No. 451.

**SENT VIA ECF**

April 25, 2023

Honorable Valerie Figueredo
Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17A
New York, NY 10007-1312

Re:  *Sportvision, Inc. et al. v. MLB Advanced Media, L.P.*, No. 18-cv-03025-PGG-VF

Dear Judge Figueredo:

Defendant MLB Advanced Media, L.P. ("MLBAM") submits this letter-motion to respectfully request the Court's approval to seal portions of MLBAM's Reply in Support of Letter-Motion to Preclude Plaintiffs' Use of TrackMan Third-Party Discovery ("Reply") and the accompanying Exhibits B, D, and F–L filed in support for the reasons detailed in its contemporaneously-filed declaration. Portions of MLBAM's Reply and the accompanying Exhibits B, D, and F–L have either been designated or describe in detail materials that have been designated "Confidential," "Highly Confidential – Limited," or "Highly Confidential – Attorneys' Eyes Only" by MLBAM pursuant to the Stipulated Amended Confidentiality Agreement and Protective Order (Dkt. No. 222).

The Second Circuit has articulated a three-step process to determine whether documents should be sealed in light of the common law right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006). "Before any such common law right can attach . . . a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch*, 435 F.3d at 119. Second, if the Court determines that the documents are indeed judicial documents such that the "common law presumption of access attaches," the court must then "determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. Third, courts balance the "presumption" of "public access to judicial documents" against "competing considerations against it," including "'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 119–120. Here, even if the Court determines that that the materials at

April 25, 2023
Page 2

issue are judicial documents such that a presumption to access attaches, MLBAM respectfully submits that the privacy interests of Plaintiffs Sportvision, Inc. and Sportsmedia Technology Corporation ("Plaintiffs"), MLBAM, and various third parties, particularly TrackMan, Inc.—namely, the continued protection of their respective confidential and sensitive business information—outweigh the presumption of public access. *Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER), 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020) ("Regarding the third inquiry, courts in this Circuit have determined that the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret."). The redacted portions of MLBAM's Opposition and exhibit attached thereto should be sealed because they quote and/or describe in detail materials that have been designated "Confidential," "Highly Confidential – Limited," or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Amended Confidentiality Agreement and Protective Order (ECF No. 222). These portions reveal highly sensitive technical and commercial aspects of the MLBAM's business and of non-party TrackMan's business that would cause significant harm if revealed to the public and competitors. These documents should be sealed under *Lugosch* to protect the privacy interests of MLBAM.

Accordingly, MLBAM respectfully requests that the Court grant MLBAM's motion to seal.

      Sincerely,

      Alan Littmann