Troutman Pepper Hamilton Sanders LLP
High Street Tower, 125 High Street, 19th Floor
Boston, MA 02110-2736

troutman.com

**William M. Taylor**
D 617.204.5186
william.taylor@troutman.com

> **Application Granted**
>
> *Valerie Figueredo, U.S.M.J.*
> DATED: April 28, 2023
>
> For the same reasons provided at ECF No. 448, Plaintiffs' letter motion to seal is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 458.

<u>Via ECF</u>

April 27, 2023

Honorable Valerie Figueredo
Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1660
New York, NY 10007-1312

Re:   *Sportvision, Inc. et al. v. MLB Advanced Media, L.P.*,
       Case No. 1:18-cv-03025-PGG-DCF

Dear Judge Figueredo:

We represent Plaintiffs Sportvision, Inc. and SportsMedia Technology Corporation ("Plaintiffs"). In accordance with Rule I(g) of Your Honor's Individual Practices in Civil Cases, we submit this letter motion on behalf of Plaintiffs, requesting the Court seal Exhibit A (and the exhibits thereto) to Plaintiffs' Letter Motion for Permission to File a Sur-Reply. Plaintiffs also submit my declaration dated April 27, 2023, in support of this letter motion.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic In'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotations omitted); *see also Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER), 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020) ("the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret."). Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public

April 27, 2023
Page 2



access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581-PKC-JLC, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021). Such "higher values" that justify sealing documents also include the privacy interests of third parties. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. March 2, 2012). Documents containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" are commonly found to satisfy the sealing standard. *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019 (internal quotations omitted); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.").

Plaintiffs seek to file Exhibit A to Plaintiffs' Letter-Motion under seal. Exhibit A contains extensive excerpts and/or detailed descriptions of confidential technical and business documents that Defendant MLBAM or third-party TrackMan, Inc. have designated as "Highly Confidential – Limited" or "Highly Confidential – Attorneys' Eyes Only." Plaintiffs also seek to file Exhibits 1 through 7 under seal. Each of these documents are confidential technical and business documents that Defendant MLBAM or third-party TrackMan, Inc. have designated as "Highly Confidential – Limited" or "Highly Confidential – Attorneys' Eyes Only."

Contemporaneously with Plaintiffs' letter motion to seal, Plaintiffs have publicly filed Exhibit A and Exhibits 1 through 7 thereto with proposed redactions of the portions Plaintiffs seek to seal and filed under seal a copy of the unredacted Exhibit A the redactions highlighted. (*See* Dkt. 457, 460.)

For the reasons stated above, Plaintiffs respectfully request that the Court consider and grant this letter motion to seal.

Date:  April 27, 2023

cc:  Counsel of Record (via ECF)

Respectfully submitted,

By:  */s/ William M. Taylor*
William M. Taylor (admitted *pro hac vice*)
Griffin N. Mesmer (admitted *pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street
High Street Tower
Boston, MA 02110-2736
617-204-5100
william.taylor@troutman.com

153154332V2

April 27, 2023
Page 3



griffin.mesmer@troutman.com

Gregory S. Bishop (admitted *pro hac vice*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
333 Twin Dolphin Drive, Suite 400
Redwood City, CA 94065
(650) 802-3600
gregory.bishop@troutman.com

Matthew H. Adler (admitted *pro hac vice*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
matt.adler@troutman.com

*Attorneys for Plaintiffs Sportsvision, Inc. and SportsMEDIA Technology Corporation*

153154332V2