UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SPORTVISION, INC. and SPORTSMEDIA
TECHNOLOGY CORPORATION,

                            Plaintiffs,

      -against-

MLB ADVANCED MEDIA, LP,

                            Defendant.
------------------------------------------------------------------X

18-CV-03025 (PGG) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

      In this patent-infringement and breach-of-contract action, Sportvision, Inc. and SportsMedia Technology Corporation ("Plaintiffs") move to strike portions of an opening expert report prepared by an expert witness for MLB Advanced Media L.P. ("Defendant"). For the reasons explained below, the motion to strike is **DENIED**.

## BACKGROUND[1]

      Plaintiffs' motion to strike relates to the filing of the expert declaration of Dr. Ravin Balakrishnan, Defendant's expert witness on the issue of indefiniteness. The issue of indefiniteness of Plaintiffs' patents was first raised in this case when the parties exchanged proposed claim terms and constructions on May 14, 2020, pursuant to a scheduling order entered by the Honorable Debra C. Freeman. See ECF No. 74. As is relevant here, that scheduling order set deadlines for: (1) Defendant to serve any invalidity contentions pursuant to Local Patent Rule 7; (2) the parties to file their joint disputed claim terms; and (3) the parties to submit their claim construction briefs. See id. at 2-3.

---

[1] A recitation of the factual background of this case is included in the Court's Report and Recommendation on Defendant's motion for sanctions, familiarity with which is presumed. See ECF No. 425. The only facts recounted herein are those that are relevant to the instant motion to strike.

1

On September 3, 2020, Defendant served its invalidity contentions under Rule 7. See ECF No. 464 ("Def.'s Br.") at 8. Defendant supplemented its invalidity contentions on October 12, 2020, identifying which claims in Plaintiffs' patent it contended were invalid as indefinite. See Def.'s Br. at Ex. F. On October 27, 2020, the parties submitted their Joint Disputed Claim Terms. See ECF No. 131. There, Defendant identified the terms and phrases it claimed were invalid as indefinite. See ECF No. 131-2.

On November 10, 2020, Plaintiffs submitted their Opening Claim Construction Brief, where they addressed all the claim terms that Defendant contended are indefinite. See ECF No. 142. Plaintiffs included, as an exhibit to that brief, a declaration from Dr. Robert Louis Stevenson, an expert who opined about each of the claim terms that Defendant had challenged as indefinite. See ECF No. 142-1. On November 23, 2020, Defendant took the deposition of Dr. Stevenson. Defendant questioned Dr. Stevenson about his opinions on the issue of indefiniteness. See ECF No. 440 ("Pls.' Br.") at 8.

On November 30, 2020, Judge Freeman issued an order instructing to the parties to "address the issue of indefiniteness in [their claim construction] briefing" and noting that "Judge Gardephe will ultimately make the determination as to whether to consider the issue [of indefiniteness] at the [claim construction] stage." ECF No. 160. On December 17, 2020, Defendant submitted its Responsive Claim Construction Brief. In that brief, Defendant addressed the issue of indefiniteness for the terms and phrases it had identified as indefinite. See ECF No. 177. Defendant did not submit any expert declaration in conjunction with its brief. See id. Nor did Defendant submit any expert materials at any other time during the process leading up to the claim construction hearing. On January 7, 2021, Plaintiffs submitted a Reply Claim Construction

Brief, in which they also addressed indefiniteness of the terms and phrases identified by Defendant. See ECF No. 184.

On May 27, 2021, and July 15, 2021, the parties appeared before the Honorable Paul G. Gardephe for a claim construction hearing (also known as a Markman hearing). See ECF No. 235 ("5/27/21 Tr."); ECF No. 255 ("7/15/21 Tr."). After the hearing on May 27, Judge Gardephe issued an order directing the parties to brief whether the Court should decide the indefiniteness issues in its claim construction order or later at summary judgment. See ECF No. 228. In response, Defendant advocated for settling the indefiniteness issues in the claim construction order, noting that it was "the regular and established practice in this judicial district to rule on indefiniteness at claim construction." See ECF No. 242 at 1. Significantly, Defendant told the Court that the "record [on the indefiniteness claim terms] is now complete," and that the Court had "everything it needs right now to settle indefiniteness issues." Id. at 1-3. Further, Defendant represented that it did not "plan" or "need" to "present additional expert testimony or any other evidence on the issue of indefiniteness." Id. at 4-5. Although Plaintiffs preferred to wait to decide indefiniteness at summary judgment, Plaintiffs agreed to Defendant's approach to decide indefiniteness during claim construction. See ECF No. 243. Plaintiffs told the Court that "the parties have now fully briefed the indefiniteness terms and the evidentiary record is complete." Id. at 1. Defendant raised no objections to that representation by Plaintiffs. Subsequently, at the next claim construction hearing on July 15, 2021, Judge Gardephe informed the parties that he "intend[ed]" to decide indefiniteness in connection with claim construction. See 7/15/21 Tr. at 2. Subsequently, Judge Gardephe heard argument from the parties on the issue of indefiniteness. See id. at 25-85. Judge Gardephe has not yet issued his claim construction order.

On March 17, 2023, Defendant served the expert report of Dr. Ravin Balakrishnan. There, Dr. Balakrishnan opined on the indefiniteness of certain claim terms not previously identified by Defendant as indefinite (see ECF No. 440-1 at ¶¶ 1219-37, 1243-47), and he opined on the indefiniteness of claim terms that Defendant previously argued were indefinite but without reliance on any expert opinion (id. at ¶¶ 1238-42, 1248-83). On April 14, 2023, Plaintiffs filed the instant motion seeking to strike the paragraphs of Dr. Balakrishnan's report related to indefiniteness as untimely. See ECF No. 439; Pls.' Br. at 6-8. Plaintiffs argue that Defendants' untimely disclosure of Dr. Balakrishnan prejudices them because they have not taken his deposition and did not know his opinions when they argued indefiniteness as part of the claim construction briefing or at the Markman hearing. See id. at 8. Defendant disputes that its expert disclosure is untimely and counters that Plaintiffs' motion is meritless because the issue of indefiniteness can be raised at summary judgment. See Def.'s Br. at 5-10. Further, Defendant contends that Plaintiffs will not be prejudiced from having to respond Dr. Balakrishnan's opinions on indefiniteness now. See id. at 10-15.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs expert disclosures. See Fed. R. Civ. P. 26(a)(2). Rule 26(a)(2)(D) requires a party to make its expert disclosures "at the times and in the sequence that the court orders." "A party that fails either to obey a court order concerning discovery or to comply with its Rule 26(a) disclosure obligations may be sanctioned under Rule 37." Columbia Cas. Co. v. Neighborhood Risk Mgmt. Corp., No. 14-CV-48 (AJN) (HBP), 2016 WL 184407, at *2 (S.D.N.Y. Jan. 15, 2016). Federal Rule of Civil Procedure 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

4

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). In addition to, or in lieu of a sanction of preclusion, a court may award the payment of reasonable expenses, including attorneys' fees, caused by the disclosure failure. See Fed. R. Civ. P. 37(c)(1)(A). "Precluding testimony is a drastic and disfavored measure." Simo Holdings, 354 F. Supp. 3d at 510 (citing Wechsler v. Hunt Health Systems, Ltd., 381 F. Supp. 2d 135, 155 (S.D.N.Y. 2003)). To determine whether exclusion of an expert report is an appropriate sanction, the court considers the so-called Outley factors:

> (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997) (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)).

Under Local Patent Rule 7, "'each party opposing a claim of patent infringement must serve,' at a time set by the Court, any invalidity contentions." Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd., 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019) (quoting Loc. Pat. R. 7). The invalidity contentions "'must identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity.'" Id. (quoting Loc. Pat. R. 7).

## DISCUSSION

A. Defendant's disclosure of Dr. Balakrishnan's report was untimely.

First, Dr. Balakrishnan's report is untimely under the Court's scheduling order. The scheduling order, entered by Judge Freeman on May 14, 2020, set a date by which the parties, pursuant to Local Patent Rule 7, had to identify any issues of indefiniteness and expert opinions related to indefiniteness. See ECF No. 74. That schedule directed Defendant to serve on

Plaintiffs by August 6, 2020, any grounds of invalidity or enforceability of any of the asserted claims. See id. at 2. The Court also directed the parties to exchange by September 8, 2020, proposed constructions of each disputed term, together with "an identification of any extrinsic evidence known to the party on which it intends to rely . . . including . . . testimony of *all witnesses including experts*." Id. (emphasis added). The Court also required that each party to identify in the chart of Joint Disputed Claim Terms its "proposed construction of each disputed term, together with . . . an identification of any extrinsic evidence . . . including the testimony of *all witnesses including experts*." Id. (emphasis added).

On October 27, 2020, the parties submitted their chart of Joint Disputed Claim Terms, where Defendant identified the terms it claimed are indefinite. See ECF No. 131-2. Despite being instructed to do so, Defendant did not identify any expert opinions that it would rely on as extrinsic evidence in support of its contentions of indefiniteness. See id. Further, some of the claim terms now identified by Dr. Balakrishnan as indefinite were not previously identified as indefinite by Defendant in the chart of Disputed Claim Terms, as required by the Court's order. See ECF No. 440-1 at ¶¶ 1219-37, 1243-47. Therefore, contrary to Defendant's assertions, Dr. Balakrishnan's report is undoubtedly untimely under the Court's scheduling order.

Second, Dr. Balakrishnan's report is untimely because the issue of indefiniteness was fully briefed and argued by the parties during the claim construction process, at the Markman hearing, and is now under submission before Judge Gardephe. In its responsive claim constructive brief submitted on December 17, 2020, Defendant did not rely on Dr. Balakrishnan, or any other expert, to support its contentions on the issue of indefiniteness. See ECF No. 177. Then, ahead of the claim construction hearing on July 15, 2021, Defendant told the Court that it should address the issues of indefiniteness as part of the claim construction order. See ECF No.

6

242. Indeed, Defendant represented to the Court that the record on indefiniteness was "complete," that it did not "plan" or "need" to "present additional expert testimony or any other evidence" on the issue of indefiniteness, and that the Court had "everything it needs right now to settle indefiniteness issues." Id. at 1, 4-5. Based on these representations, Judge Gardephe indicated that he intended to decide the indefiniteness issues as part of the Court's claim construction order. See 7/15/21 Tr. at 2.

Of course, questions of indefiniteness may be resolved at summary judgment. See Roche Diagnostics GMBH v. Enzo Biochem, Inc., No. 04-CV-4046 (RJS), 2017 WL 6988709, at *4 (S.D.N.Y. Oct. 2, 2017) (explaining that district courts may address indefiniteness at claim construction and at summary judgment); see also Indus. Tech. Research Inst. v. LG Electronics Inc., No. 13-CV-02016 (GPC), 2014 WL 6907449, at *3 (S.D. Cal. Dec. 8, 2014) (explaining that district courts have "discretion as to when to determine indefiniteness during patent case proceedings"). But the parties here elected to resolve the issue earlier and not to leave the issue for resolution at summary judgment. Defendant asked the Court to decide indefiniteness at claim construction. See ECF No. 242. And the parties jointly represented that the evidentiary record on the issue of indefiniteness ahead of arguing indefiniteness at the Markman hearing on July 15, 2021. See ECF Nos. 242-43. Further, Judge Gardephe stated that he intended to decide the indefiniteness issues in connection with the Court's claim construction order, which is presently under submission before the Court. Given the parties' course of conduct, Defendant's disclosure of Dr. Balakrishnan's report—nearly two years after Defendant told the Court that the record on this issue was complete—is patently untimely.

B.  Preclusion of Dr. Balakrishnan's report is not warranted.

Although Dr. Balakrishnan's report is plainly untimely, preclusion is not warranted. A review of the Outley factors demonstrates that any prejudice to Plaintiffs can be remedied with a continuance and monetary sanctions.

Under the first Outley factor, Defendant has not adequately explained the late disclosure of Dr. Balakrishnan's report. As already discussed, the report was disclosed after the time set by the Court in its scheduling order and after the parties represented to the Court that the evidentiary record on the issue of indefiniteness was complete and ready for the Court's decision. This factor weighs against Defendant.

The second Outley factor—the importance of Dr. Balakrishnan's testimony—favors Defendant. "Whether a claim is indefinite is [indeed] question of law." Rates Tech. Inc. v. Broadvox Holding Co., LLC, 15 F. Supp. 3d 307, 323 (S.D.N.Y. 2014) (citing Biomedino, LLC v. Waters Techs. Corp., 490 F.3d 946, 949 (Fed. Cir. 2007)). And, expert testimony on that issue "'may be helpful'" to the court in making its determination. Id. (quoting Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 655 F.3d 1364, 1380 (Fed. Cir. 2011)). Dr. Balakrishnan's report may therefore aid Judge Gardephe in ruling on the pending indefiniteness issues. Precluding the report, especially because Dr. Balakrishnan is Defendant's only expert to opine on indefiniteness, would exclude from the record information that may be helpful to the Court's resolution of the disputed issue.

"The third Outley factor is the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony." Softel, Inc., 118 F.3d at 962. Plaintiffs filed their reply claim construction brief and argued indefiniteness issues at the claim construction hearing without knowing of Dr. Balakrishnan's opinions and without having had an opportunity to

8

depose him. Defendant, by contrast, had the benefit of deposing Plaintiffs' expert, Dr. Stevenson, and knowing about his opinions on indefiniteness before it briefed and argued the indefiniteness issues. Plaintiffs have been prejudiced by the untimely disclosure of Dr. Balakrishnan's report because they made their claim construction arguments based on what they thought to be a complete record on the indefiniteness issues. See Fleming v. Verizon N.Y., Inc., No. 03-CV-5639 (WHP), 2006 WL 2709766, at *8 (S.D.N.Y. Sept. 22, 2006) ("[Defendant] would be prejudiced by the admission of the [expert] declarations, because it made its motion for summary judgment based on what it thought to be all of the evidence accumulated in discovery."). And now, Plaintiffs are "forced, at a very late date in the discovery process, to accommodate potentially significant shifts in the theories being offered against [them]." Softel, Inc., 118 F.3d at 962. This factor thus weighs in Plaintiffs' favor.

      The last factor—the possibility of a continuance—also weighs in favor of Defendant. Even though Plaintiffs have been prejudiced by Defendant's untimely disclosure, the prejudice can be adequately addressed with a remedy short of preclusion. Expert discovery remains open, and the parties have not yet briefed a summary judgment motion. Additionally, the Court has not issued its Markman order and therefore the indefiniteness issues previously raised during claim construction remain unresolved. And, no trial date has been set by Judge Gardephe. The case is therefore in a procedural posture where it is feasible to provide Plaintiffs with a continuance to depose Dr. Balakrishnan and submit a rebuttal report. Because a continuance is possible, preclusion of Dr. Balakrishnan's report is not appropriate. See Simo Holdings, 354 F. Supp. 3d at 510-11 (prejudice of untimely expert report on invalidity issues only "slight" where plaintiffs will have an opportunity to serve a rebuttal expert report and to conduct additional depositions); Strougo v. BEA Assocs., 188 F. Supp. 2d 373, 380 (S.D.N.Y. 2002) (prejudice caused by

untimely expert disclosure remedied by the availability of months during which plaintiff could depose the expert and submit his own rebuttal experts); Raymond v. Mid-Bronx Haulage Corp., No. 15-CV-5803 (RJS), 2017 WL 1251137, at *10 (S.D.N.Y. Mar. 31, 2017) (preclusion of evidence "unwarranted" given "the availability of a brief and limited continuance" and the fact that the evidence at issue was "critically important").

Accordingly, Plaintiffs' request to strike portions of Dr. Balakrishnan's report is denied. Instead, Plaintiffs may depose Dr. Balakrishnan and submit a rebuttal expert report addressing the issues of indefiniteness addressed by Dr. Balakrishnan. Additionally, because Defendant offered no justification for its substantial delay in disclosing Dr. Balakrishnan's expert opinion, Plaintiffs are awarded their reasonable attorneys' fees incurred in (1) preparing the instant motion, (2) deposing Dr. Balakrishnan, and (3) preparing a rebuttal expert report. See Rekor Sys., Inc. v. Loughlin, No. 19-CV-7767 (LJL), 2022 WL 3141288, at *2 (S.D.N.Y. Aug. 5, 2022) (awarding reasonable expenses, including attorney's fees and expenses for additional fact depositions, because "[s]uch expenses were caused by defendants' late submission of expert reports"); Webb v. Zimmer, Inc., No. 14-CV-01106 (ADS) (GRB), 2018 WL 836366, at *8 (E.D.N.Y. Feb. 12, 2018) (allowing portion of untimely disclosure to be admitted, but awarding reasonable attorney's fees associated with a renewed deposition and motion to strike); Equant Integrations Servs., Inc. v. United Rentals (N. Am.), Inc., 217 F.R.D. 113, 118 (D. Conn. 2003) (prejudice of untimely filing cured by giving plaintiff the opportunity to re-depose experts, with sanction of requiring defendant to pay the costs of re-deposition). Finally, both parties are hereby precluded from offering any further supplemental invalidity contentions or expert opinions without prior permission from Judge Gardephe.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike is **DENIED.** The Clerk of Court is directed to terminate the motion at ECF No. 439.

**SO ORDERED.**

DATED:   New York, New York
         November 21, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge