



**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: June 24, 2026**

The motions to seal at ECF Nos. 545 and 552 are GRANTED as the sealed information contains sensitive technical and commercial information about MLBAM's and third parties' businesses that would cause significant harm if revealed to the public and competitors, as well as sensitive information regarding Plaintiff's business. The Clerk of Court is directed to maintain the sealing at ECF Nos. 548, 549, 555, and 556 and close the motions at ECF Nos. 545 and 552.

GOLDMAN
ISMAIL
TOMASELLI
BRENNAN &
BAUM LLP

June 22, 2026

Hon. Valarie Figueredo
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Sportvision, Inc. et al. v. MLB Advanced Media, L.P.*, No. 1:18-cv-03025-PGG-VF

Dear Judge Figueredo:

Defendant MLB Advanced Media, L.P. ("MLBAM") submits this letter-motion to respectfully request the Court's approval to seal portions of MLBAM's Memorandum in Support of Its Motion to Exclude in Part the Testimony of Plaintiffs' Technical Expert Dr. Robert Louis Stevenson and the accompanying Exhibits 1–2 and Exhibits 4–9, for the reasons detailed in its contemporaneously filed declaration. Portions of the Memorandum and the accompanying Exhibits 1–2 and Exhibits 4–9, have either been designated or describe in detail materials that have been designated "Confidential," "Highly Confidential – Limited," or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Amended Confidentiality Agreement and Protective Order (ECF No. 222). MLBAM seeks approval to seal the Memorandum in part (with a corresponding redacted version filed publicly) and Exhibits 1–2 and 4–9 in full. Because nearly every sentence in Exhibits 1–2 and 4–9 would require redaction, public, redacted versions of those Exhibits would be impractical and of limited use to the public.

The Second Circuit has articulated a three-step process to determine whether documents should be sealed in light of the common law right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "Before any such common law right can attach . . . a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch*, 435 F.3d at 119. Second, if the Court determines that the documents are indeed judicial documents such that the "common law presumption of access attaches," the court must then "determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. Third, courts balance the "presumption" of "public access to judicial documents" against "competing considerations against it," including "'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 119–20. Here, even if the Court determines that that the materials at issue are judicial documents such that a presumption to access attaches, MLBAM respectfully submits that the privacy interests of Plaintiffs Sportvision, Inc. and SportsMEDIA Technology Corporation ("Plaintiffs"), MLBAM, and various third parties—namely, the continued protection of their respective confidential and

**Chicago** 191 North Wacker, Suite 3000, Chicago, IL 60606

**Dallas** 7557 Rambler Road, Suite 1450, Dallas, TX 75231

**Santa Monica** 100 Wilshire Boulevard, Suite 1760, Santa Monica, CA 90401                    goldmanismail.com

June 22, 2026
Page 2

sensitive business information—outweigh the presumption of public access. *Ramirez v. Temin & Co., Inc.*, No. 20-cv-06258, 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020) ("Regarding the third inquiry, courts in this Circuit have determined that the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret."). The redacted portions of the Memorandum and Exhibits 1–2 and Exhibits 4–9 attached thereto should be sealed because they quote and/or describe in detail materials that have been designated "Confidential," "Highly Confidential – Limited," or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Amended Confidentiality Agreement and Protective Order (ECF No. 222). These redacted portions and exhibits contain highly sensitive technical and commercial information about MLBAM's and third parties' businesses that would cause significant harm if revealed to the public and competitors. They also contain information that Plaintiffs have designated as highly sensitive or alleged to be proprietary, such that revealing this information to the public would cause significant harm to Plaintiffs' businesses. These documents should be sealed under *Lugosch* to protect the privacy interests of MLBAM, Plaintiffs, and third parties.

Accordingly, MLBAM respectfully requests that the Court grant MLBAM's motion to seal.

Respectfully submitted,

*/s/ Alan Littmann*
Alan E. Littmann
Doug Winnard
Allyson Julien
Samuel E. Schoenburg
Caroline Cordell Briggs
Matthew L. Krantz
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
191 North Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 681-6000
Facsimile: (312) 881-5191
Email: alittmann@goldmanismail.com
Email: dwinnard@goldmanismail.com
Email: ajulien@goldmanismail.com
Email: sschoenburg@goldmanismail.com
Email: cbriggs@goldmanismail.com
Email: mkrantz@goldmanismail.com

Joelle A. Milov
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9204
Facsimile: (212) 575-0671
Email: jam@cll.com

*Counsel for Defendant MLB Advanced Media, L.P.*