Troutman Pepper Locke LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613

troutman.com

**William M. Taylor**
D 617.204.5186
william.taylor@troutman.com

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: June 24, 2026**

The motion to seal is GRANTED as the sealed information contains sensitive business information including confidential revenue, pricing, analysis, product, technical and business information relating to Plaintiffs' claims. The Clerk of Court is directed to maintain the sealing at ECF Nos. 565 and 566 and close the motion at ECF No. 561.

June 22, 2026

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   **Re:**   *SportsMedia Technology Corp., et al. v. MLB Advanced Media, LP*,
       **No. 18-cv-3025 (PGG)(DF)**

Dear Judge Gardephe:

     We represent Plaintiffs Sportvision, Inc. and SportsMedia Technology Corporation ("Plaintiffs") in the case referenced above.  In accordance with Rule II of Your Honor's Individual Rules of Practice, and ECF Rules & Instructions, section 6, we submit this letter on behalf of Plaintiffs, requesting that the Court seal portions of Plaintiffs' Motion to Exclude Defendant's Damages Expert From Offering Inadmissible Testimony and Opinions (the "Motion"), portions of the Memorandum of Law in Support of the Motion ("Memorandum"), and the entirety of Exhibits A-C (the "Exhibits," and together with the Motion and Memorandum, the "*Daubert* Submission"). Plaintiffs also submit my Declaration dated June 22, 2026 in support of this letter motion.

     In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed." *Geller v. Branic In'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotations omitted); *see also Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER), 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020) ("the presumption of access may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret."). Protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581-PKC-JLC, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021).  Such "higher values" that justify sealing documents also include the

The Honorable Paul Gardephe
June 22, 2026
Page 2



---

privacy interests of third parties.  *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. March 2, 2012).  Documents containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" are commonly found to satisfy the sealing standard.  *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) (internal quotations omitted); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.").

Plaintiffs' *Daubert* Submission details the bases upon which Plaintiffs seek to preclude Defendant MLB Advanced Media, L.P.'s ("MLBAM") damages expert from offering inadmissible testimony and opinions.  Certain information contained in the *Daubert* Submission satisfies this Court's good cause requirements justifying sealing and/or redaction.

The Motion and Memorandum excerpt, describe, and quote confidential revenue, pricing, analysis, product, technical and business information relating to Plaintiffs' claims.  This evidence includes documents disclosed during discovery and deposition transcripts, which have been designated "Confidential," "Highly Confidential – Limited," or "Highly Confidential – Attorneys' Eyes Only" pursuant to the parties' Stipulated Amended Confidentiality Agreement and Protective Order (ECF No. 222).

The Exhibits to the *Daubert* Submission include: (A) Rebuttal Expert Report of Melissa A. Bennis; (B) the transcript of the deposition of Melissa A. Bennis; and (C) Supplemental Rebuttal Expert Report of Melissa A. Bennis Regarding Commercial Success.  Each of these Exhibits has been designated "Highly Confidential – Attorneys' Eyes Only."  Redaction of these Exhibits is not feasible and will not sufficiently protect the sensitive information contained therein, which is related to confidential revenue, pricing, analysis, product, technical, trade secret, and business information.  These Exhibits therefore should be filed under seal in their entirety

Accordingly, contemporaneously herewith, Plaintiffs will publicly file the Motion and the Memorandum of Law in Support of the Motion with proposed redactions of the portions Plaintiffs seek to seal, and file under seal copies of the unredacted documents with the redactions highlighted.  Plaintiffs will also file the Exhibits under seal.

For the reasons stated above, Plaintiffs respectfully request that the Court grant their letter motion to seal.

Respectfully submitted,

By: */s/ William M. Taylor*

William M. Taylor (admitted *pro hac vice*)
TROUTMAN PEPPER LOCKE LLP

The Honorable Paul Gardephe
June 22, 2026
Page 3



111 Huntington Avenue, 9th Floor
Boston, MA 02199
(617) 204-5186
William.Taylor@troutman.com
*Attorneys for Plaintiffs*

cc: All counsel (via ECF)